AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF New Jersey

RECEIVED
AUG - 3 2022
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Samuel Maldonado )
_____ )
*Petitioner* )
)
v. )     Case No. _____
)                *(Supplied by Clerk of Court)*
)
S. Merendino, Warden )
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Samuel Maldonado,
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution:  F.C.I. Fairton
    (b) Address:  PO Box 420
        Fairton N.J 08320
    (c) Your identification number:  70478-018

3.  Are you currently being held on orders by:
    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  United States District Court
        Middle District F.L.
    (b) Docket number of criminal case:  3:17-CR-00179-TJC-PDB
    (c) Date of sentencing:  4/22
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____
    _____
    _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes        ☐ No

(a)  If "Yes," provide:

(1) Name of the authority, agency, or court: B.O.P. Staff
T. PatRone, SCSS

(2) Date of filing: 6/10/22

(3) Docket number, case number, or opinion number: _____

(4) Result: Denied

(5) Date of result: 7/7/2022

(6) Issues raised: time credit Computation INCorrect Petitioner is
missing 18 months Jail time / Pre-Sentence Credit under 3585(b)(5)
See exhibit A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: BOP stuFF MR. Smith F.C.I, FAIRton N.J.

(2) Date of filing: 7/7/22

(3) Docket number, case number, or opinion number: _____

(4) Result: Denied

(5) Date of result: 7/7/22

(6) Issues raised: Jail time credit under BoP Guideline, Criminal Law §4-credit- official detention & USCS § 3565(b)(5)(8) Related to 18 months of missing jail time credit (See Exhibit B)

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: B.O.P. F.C.I. FAIRton WARden

(2) Date of filing: 7/7/22

(3) Docket number, case number, or opinion number: _____

(4) Result: The WARden Failed to Respond within the allowed 20 day time Rendering Appeal process

(5) Date of result: "UNAvailable "

(6) Issues raised: time Computation Release date Incorrect under the Bail Reform Act ⊕ Criminal Law § 84 credit for presentence time served- official detention, under 18 USCS § 3585 (1) Construing § 3585(b) IN CONJUNCTION

1) Exhibit A-1

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

With the Bail Reform Act-As-must be done because the Bail Reform Act is a body of Law
and enacted in the same statute as § 3585(b)   See Exhibit C-1
The prison failed to Respond Rendering The Administrative Appeals process
UNAvailable within the meaning of the PLRA, please see Memorandum of Law

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
     conviction or sentence: _____ $N/A$ _____

     _____

     _____

     _____

     _____

     _____

     _____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☑ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

     ☐ Yes              ☐ No

     If "Yes," provide:

     (1)  Date of filing: _____

     (2)  Case number: _____

     (3)  Result: _____

     (4)  Date of result: _____

     (5)  Issues raised: _____

     _____

     _____

     _____

     _____

(d)  Did you appeal the decision to the United States Court of Appeals?

     ☐ Yes              ☑ No

     If "Yes," provide:

     (1)  Name of court: _____

     (2)  Date of filing: _____

     (3)  Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4) Result: _____

      (5) Date of result: _____

      (6) Issues raised: _____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes     ☒ No

If "Yes," provide:

  (a) Kind of petition, motion, or application: _____

  (b) Name of the authority, agency, or court: _____

  (c) Date of filing: _____

  (d) Docket number, case number, or opinion number: _____

  (e) Result: _____

  (f) Date of result: _____

  (g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: BOP has not issued time credit under Criminal Law 84-credit for presentence time served-official detention 3585(NS). This is a Due process Violation and Double Jeopardy Claim Doing the Same Jail time twice. or other Constitutional Violation

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Criminal Law § 84 credit for presentence time served Allows BOP to Adopt An Alternative Construction Allowing credit where a defendant is Subject to Jail-type confinement as Petitioner was from 6/6/18 to 12/14/19 and present

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes          ☐ No

**GROUND TWO:** BOP has Not Read The Bail Reform Act As Congress Said it must construing § 3585(b)(2) other related sentencing provisions confirm The interpretation that credit under § 3585(b) for time spent in Official detention when Petitioner was detained 24/7 in correctional facility

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: This is A Due process Violation or other Double Jeopardy BOP has Not Read Criminal Law § 84- credit for presentence time Served- Official detention, Mr. maldonado did not get credit from 6/6/18 to 12/14/19 and this is a violation of Double Jeopardy and Due process Petitioner is entitled to All Jail time credit under Criminal Law §4 § 3585(b) (1)(2)(3)(4)(5)(8) Mr. maldonado computation time is Not correct

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** Due process Violation, Double Jeopardy claim

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

BOP has Not Followed There own Rules A Bureau of Prisons Internal guideline requires credit for time spent under a detention order, Petitioner was under a court Detention order from 6/6/18 to present There fore BOP is Required under the law and its own Guideline to issue The 18 or 20 months Jail time credit, A writ and a Detention order are not The Same

(b) Did you present Ground Three in all appeals that were available to you?
☑ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: There is only the full time credit complaint which is part of this 8th Filing. Reason being is because the warden Never Responded by the Due Date of 7/22/22 And his Failure made the grievance Administrative Appeals process unavailable within the meaning of the PLRA (See Lizarraga v Furdly NO 19-15691, 2021)

**Request for Relief**

15. State exactly what you want the court to do: to have BOP follows Criminal Law 84 under USCS 3585(b)(2)(3)(4)(5)(8) and Adopte this policy as an Administrative convenience as BOP did in the Kaiser and Willis Rule or find another way to Award the 14-20 months of missing Jail time credit, if BOP Reads the Bail Reform Act with 3585(b) (2)(3)(4)(5)(8) and Congress intended it and follow there own memo Petitioner can get his 14 or 20 month missing Jail time credit

[Additional pages are attach supporting each ground]

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

7/29/22

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 7/29/22

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

Time credit Complaint RECEIVED
Petitioner has Exhaust All
Administrative Remedies            AUG - 3 2022
Additional Page's supporting claims
                                    WILLIAM T WALSH
                                    CLERK            M

1) Petitioner brings this Civil Action before this court.
Because the warden Failed to respond As B.O.P. Regulations
state it must, Nor was Any Notice that additional time
was Needed by B.O.P. warden Filed, A warden's like
the Bureau of Prisons, had a deadline to response
written into the Rules, and No Notice of Extension
of time was ever Filed and Any Extension of time by
B.O.P. must be Filed before the response date, which
was 7/28/22¹.

2) the prison's Failure to Respond by Due date, where the
matter is seriouse to Petitioner's Freedom of 18 months
Jail time credit, is a matter the prison should Not take
lightly, Failure of the warden to respond to Mr. Maldonado's
grievance made the Administrative Appeals process
"unavailabe" within the meaning of the PLRA, see Fordley v.
Lizarraga, Case No 19-15691, 2021 US App LEXIS 33395
(9th cir. Nov 10, 2021), where inmates take reasonably
Appropriate steps (as mr. maldonado did), to exhaust but are
precluded from doing so by a prison's erroneous Failure to
process the grievance," the court said, "the exhaustion
requirement is satisfied."

1) Foenote Just like A court Dead line to File A notice for extension time in A
Civil action or a petitioner's case can be Dismissed, the B.O.P. must Follow
the Rules to.

3) Defendants will argue Mr Maldonado did not exhaust the BP-10 and BP-11 remedies and this argument will be without merit because of the Ruling in Fordley v. Lizarrage.

4) The PLRA states that "No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted, the same Reasoning the court used applys to Mr Maldonado's claim, F.C.I. Fairton Warden's Failure to respond or give Notice of extensions to Petitioner as B.O.P. Rules and Procedural due process requires, made the Administrative appeals process "unavailable" within the meaning of the PLRA, Fordley V Lizarrage, case No 19-15691, 2021 US App Lexis 33395 (9th Cir. Nov. 10, 2021) therefore the Petitioner is allowed to move forward in this court, the Exhaustion requirement is satisfied because the warden did not [responed] by the deadline of 7/26/22 [2] The Filed complaint was a time credit complaint [2]

5) Petitioner has provided BP-8 and BP-9 with also the full argument that would have been pranded with BP 10, 11 So Petitioner will argue the full complaint with this court.

[2] Federal BOP. Regulations establish Procedures to resolve time credit complaints. IF A complaint cannot be Resolved informally, an inmate may submit a written request to the Prison Warden 28 C.F.R. §542.13. The warden has twenty days to respond to the formal request. 28 C.F.R. 542.18. Failure to respond Renders the Administrative Appeals process "unavailable" within the meaning of the PLRA. SEE Fordley V. Lizarraga case #19-15691 2021

MEMORANDUM OF LAW RECEIVED

*Supporting Petitioners exhausted Remedie's claim*

AUG - 3 2022

AT 8:30_____M

**EXHAUSTING THE PRISONER THROUGH 'UNEXHAUSTION'**

The Prison Litigation Reform Act, the law that made winning a lawsuit against the government for prison-related wrongdoing virtually impossible, turned 25 last year. Despite occasional calls for its repeal, the PLRA is solidly embedded in federal law, and its future seems assured.

One of the worst of the PLRA's limitations is the provision that makes exhaustion of available administrative exhaustion remedies a jurisdictional requirement. In other words, if you don't exhaust the BP-9, -10, and -11 remedies, the court lacks jurisdiction to even hear the case.

But what happens when the remedy process grinds to a halt? The 9th Circuit considered that question last week in the context of a California state prison proceeding, but the lessons apply to any exhaustion required by the PLRA, whether state or federal.

John Fordley was assaulted in 2016 while he was an inmate at a California state prison. He filed his first administrative remedy in March 2016, but the prison never processed it. In May 2016, he submitted a second administrative remedy about later events, but which nevertheless referred to the assault. The district court reasoned that because John mentioned the assault in the May grievance which the prison never answered, either, before John filed his lawsuit "an avenue of administrative relief remained open as of the time Fordley filed his 1983 complaint." Therefore, the district court reasoned, John "could not be excused from exhausting the March grievance." In other words, the May remedy "unexhausted" the March remedy.

The PLRA states that "No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Here, the appeals court held that the prison's failure to respond to John's March assault grievance made the administrative appeals process "unavailable" within the meaning of the PLRA. "Where inmates take reasonably appropriate steps to exhaust but are precluded from doing so by a prison's erroneous failure to process the grievance," the Court said, "the exhaustion requirement is satisfied."

The 9th rejected prison's argument that the May administrative filing kept the March filing alive: "A later-filed grievance that



alleges new complaints but refers to a previous and already-exhausted grievance for context does not render the first grievance unexhausted Boiled down, defendants' suggestion is that we should consider the prison's response time to be so flexible that an administrative process would be deemed unexhausted when a prison neither responds nor provides notice that additional time is needed. Such a rule would obliterate the primary incentive for prisons to respond to inmates' grievances and leave inmates and courts guessing about whether and when suit may be filed."

The state prison, like the Bureau of Prisons, had a deadline for the warden's response written into the rules. Nevertheless, the prison argued that the courts "should not rigidly apply the response times in the regulations." But the regulations in effect "prohibited prison officials from obtaining extensions of time to respond to emergency grievances." At any rate, the Circuit said, "because the prison never responded, viewing the allowable response times as flexible does not help the defendants in this case. The prison was not just tardy in responding to the March grievance; it never responded at all."

Fordley v Lizarraga, Case No 19-15691, 2021 US App LEXIS 33395 (9th Cir. Nov 10, 2021)
<><>

*Foot note*
The wardens Failure to Respond to MR maldonado July grievance made the Administrative Appeals process "unavailable" with in the meaning of the PLRA., MR maldonado took the steps Appropriate to Exhaust but was Precluded from doing so by the wardens erroneous Failure to process the grievance by the deadline of 20days. MR maldonado's exhaustion Requirement is satisfied (2021 US App LEXis 33395 9th Cir Nov 10, 2021 U.S.C.A.)

# ARguement For missing
## Jail-time-~~~~ credit

With Respect to Mr. Maldonado's claim, it is supported
And governed by the decision in DAVIS v. Attorney
General, 5 CIR. 1970, 425 F. 2d 238. and other cases that will be
cited in this claim.

1) ON 4/23/2018 The United States issued A
Federal detainer[B] which was lodged Against Mr. Maldonado.
while on A state F.L. Sentence. MR. Maldonado was
Also Denied early Release because of the Federal detainer[c]
lodged Against him, And is Now Also being Denied pre-sentence
time spent in custody with the Federal offence, Since the
Detainer was issued **upon** Authority of The Defendants
Federal Conviction And Sentence." 425 F. 2d at 240. He
is entitled to all pre-sentence time spent in Federal custody
18 months of Joint Federal and State custody.

2) B.O.P. has denied credit and has said MR. Maldonado
is Not entitled to credit period from 4/23/2018 to
12/14/2019, because MR. Maldonado was on A state Sentence
and that time was credit to his state Sentence while he
was in B.O.P. custody, and The Denial at issue is
Not in line with the Bureau of Prisons internal guideline that
Requires credit for time spent under A detention order, NOR is it

1) 18 U.S.C.A. § 3568
B) Exhibit B.   C) Footnote if not for the Actions pursuant to A writ of habeas
corpus Ad prosequendum, Petitioner would have not served
his state Sentence To A full max term and would have been
Released on July 4, 2019 U.S. D.C. And C IR) 2000 137 F. Supp. 2d 270

3) IN Case 1:22-cv-04874-KMW Document 164 Filed 08/03/22 Page 14 of 51 PageID 514 recieved-- Official detention- Classified to U.S. Supreme Court Digest Lawyers Edition, under 18 USCS § 3585(b)(1) construing § 3585(b) IN Conjunction with The Bail Reform Act-as must be done because The Bail Reform Act is The body of Law That Authorizes Federal courts to place Presentence restraints on a defendant's liberty, AS IN MR. Maldonado case. When A Detainer warrant was lodged, and MR. Maldonado was Remanded to The custody of The Attorney General by order of A court Detention Order Dated 6/6/2018. The issue is Not Double credit, because There is No Double credit issue here, The state issued time credit For The Sentence MR. Maldonado ForFilled, with at Any good time credit because of The Federal restraints put on Defendant because of The Detainer, But The Federal Gov/B.O.P. did Not issue Any pre-sentence time credit From 4/23/18 to 12/17/18 Reasons being That there was credited to Another second Sentence, And There is No proof of That, pre-sentence Federal and state time are not The same, state time and Federal time are Governed by Different Rules and cannot be used together with two Different crimes governed by two Jurisdictions.

4) The Federal Government cannot credit Mr. Maldonado pre-sentence time to his State Sentence, Any Federal pre-sentence time spent in Federal Custody must be credited to a Defendant's federal sentence, The State gave gave the credit The Law allowed[2], but The Federal Gov/BOP has Not under 3585(i)(b)(2)(3)(4)(5)(6) even if There is A Conflict in The Law OR Statute, Criminal Law § 84 -Credit For presentence time served Allows B.O.P. to ForFill The Law could AND Under its own Rules of The Bureau of Prisons Internal Guidelines Requiring credit For time Spent under A court ordered, Detention order There is No Double time credit issue, Double time Implies being issued Jail time credit twice on The Same prison Sentence[x] and That's Not The case here, The state Applied its time For MR. Maldonado's state time, And that time credit is seperated by Federal and State Jurisdiction incarcerated time credits, when a Defendant is in Joint Federal and State custody at The same time. Double credit is Not The issue.

recieved-- ... A state inmate was in Federal custody by Mistake ... Does Not matter if A state inmate was in Federal custody by Mistake [N] ... defendant's advance The same ... x) State and Federal Sentences

2

5) equals one day of credit that can be applied only y once. (2021 U.S. Dist. Lexis 122600:: Zapata-molina-stone June 1, 2021) MR. maldonado was only in ~~custody~~ pre-sentence custody of the federal Government due to court ordered Detention.

6) A Defendant cannot be in Pre-sentence ~~and~~ status if he is already sentenced and is Not A inmate, pre-sentence status applies only to Detainee's that have been arrested because A Detainer has been lodged against them in connection with a federal offense. 18 U.S.C.A. § 3568, when a federal Detainer is filed against a person, that is Referred As time spent in custody in connection with a federal offense 18 U.S.C.A § 3568 and since a detainer was issued on 4/23/2018 upon the Authority of the Appellant's federal conviction And sentence 425 F.2d at 240, he is entitled to the pre-sentence time from 6/6/2018 to 12/14/2019, to be added to his federal sentence, or from 4/23/18 to present.

7) MR. maldonado was a pre-sentence Detainee to the federal Government only, Not the state when he was writed over, he was Not A pre-sentence Detainee in State custody, This Reasoning by B.O.P. is a conflict in The Law. There is also Another issue because MR. maldonado was Also in "official detention, The U.S. court of Appeals for The Third Circuit reversed-holding that "official detention" for the Purposes of credit under § 3585 (b) included time spent under conditions of Jail-type confinement (21 F.3d 55b) MR. maldonado was subjected to Jail-type confinement while in official detention in the custody of the Attorney General from 6/6/2018 to present. MR. maldonado was Also in official detention At A federal Detention Center Not A state prison. As A Pre-sentence Detainee, on Certiorari

*(right margin, vertical text):* W) Pre-sentence federal time is applied to A federal sentence not a state sentence can go made is issued by a detainer

*(right margin):* 3

8) This issue MR. Maldonado is addressing as to 3585(b)(1)(2)(3)(4)(5),
(8). There are 7 other way's B.O.P. can apply the Jail-type,
Confinment, court detention order, Etc... without addressing a
Double credit issue, that Does not apply here, because MR. Maldonado
was a pre-sentence Detainee to the Federal Government only
When he was writed over. On Certiorari, the United States
Supreme court, in an opinion by Rehnquist, Ch J., Joined by
< *pg.47 > O'Connor, Scalia, Kennedy, Souter, ~~~~~, Thomas, Gwsburg,
And Breyer, JJ., it was held that the accused was not entitled
to credit Against his Sentence of imprisonment for time spent
At the treatment center, as that time was not "official Detention"
within the meaning of § 3585(b), [There's no mention of Joint custody or Double credit]
                                A] Footnote: which B.O.P. did not do

9) because (1) Construing § 3585(b) in conjunction[1] with the Bail
Reform Act lead's to the conclusion that a defendant Suffers "Detention"
Only when committed to the Custody of the Attorney General,[2]...
(2) other Related Sentencing Provisions[3] confirm the Interpretation that credit
under § 3585(b) for time spent "official detention" is Available only to those
Defendants whose presentence detention was in a in a penal or correctional
Facility and who were Subject to the control of the Bureau of prisons.
(Defendant was a presentence Detainee in a penal or correctional Facility, Bakrer
County correctional Facility for state and federal Detainee's and at all times
Subjected to the control of the B.O.P.[4]) (3) The context of § 3585(b) Strongly
Suggest that congress, when it Reworded the credit statute, replacing the term
"Custody" with "official detention," disagreed with the prior Rule of court of
Appeals that denied credit to defendants who had been Released on bail.

2) Footnote: MR. Maldonado Suffered Detention when ordered by the US District court thru
A Detention order he was committed to the Custody of the Attorney General 6/6/18 [Exhibit A]
Does Not matter if he was writed over the issue is he was committed to the custody of the Attorney General.

3) Footnote: That B.O.P. can use to Remedy the conflict and issue at hand

4) other why For B.O.P. to Apply pre-sentence Jail-time credit with out conflict.

14

10) (5) A Bureau of Prisons Internal guideline requires credit
for time spent under a detention order, but not time spent
under Release order, [So if there is a conflict for the pre-sentence
time MR Maldonado spent in the control of the Attorney
General from 6/6/18 to 12/14/2019, This issue can be remeded
with B.O.P. issueing the pre-sentence time credit thru its own
Internal guideline, because there is no Dauble credit issue.
When Dealing with Federal and State policy's. At all time Related
to this claim MR. Maldonado was in Joint custody ]. (6) A Reading
of 3585(b) under which the phrase "Official detention" includes
the restrictive conditions of the accused's confinement is not the
only plausible interpretation of the language ... (7) ....


11) Defendants who are detained (As in the case of MR. Maldonado from
6/6/18 to 12/14/19 is the issue at hand) ~~and the judge~~ Defendants who
Are detained Always Remain Subject to the control[5] of the Bureau of Prisons,
And, (8) to adopt an Alternative construction Allowing credit where a defendant
is subject to "Jail time confinement"[6] would require a fact-intensive inquiry
into the Circumstances of confinement, the Circumstances of confinement was Due
to the Issue of a Federal detainer issued on 4/23/18, which Remanded the
Defendant in the custody of the Attorney General for a Federal offense
18 U.S.C.A. § 3568 That issued in a Federal Sentence 425, F.2d at 21/6
Therefore MR Maldonado must be credited with the pre-sentence time from 6/6/18 to 12/14/19.

5) footnote  From 6/6/18 to present MR Maldonado was & still Remains Subjected to the control of B.O.P.
6) footnote  the law Allows B.O.P. to Adopt this Alternative to applie this Jail-time-credit, from 6/6/18 to
12/14/19 with out conflict or any Dauble credit issue.

[5]

12) ● Stevens, J dissented, expressing The view that the
Supreme courts decision leads to Anomolous results,) And
That both the text and purpose of § 3585(b) Contemplate
That A person who is conifined 24 Hours a day, Seven days
A week, pursuant to a court order, is in "official detention"
within the meaning of § 3585(b)  See 115 SCT 2021, 132
LEd2D 46, 515 US 50 Reno v Koray) No. 94-790

13) Indeed Mr. Maldonado was Subjected to the control
of the B.O.P. and Remanded to the custody of the
Attorney General From 6/6/18 to present and never
Returned to State prison, was denied Early Release from F.L.
State prison because of the Federal Detainer lodged upon him
Since 1/23/2018, and this is Reflected As time spent in custody
in connection with a federal offense (18 U.S.C.A. § 3568) Since
The detainer was issued upon Authority of the ●●●●●●●●●
Appellant's Federal conviction and sentence", 425 F. 2d at 240.
Defendant was conifined 24 HR's A day Seven day's a week
pursuant to a court order At The Baker county and Nassu county
Detention center "AT ALL" time's subjected to the control of the
Attorney General. Under 3585(b). It should also be noted by
The court the citied case Law of The U.S. Supreme court Never mentioned
Double credit when it reversed and Remanded on Certiorari
and Read The Bail Reform Act in-conjunction with 3585(b) And
It would seem it provided Another way for credit to be issued in A
case like MR. Maldondo, is now Addressing.                    6

7) Footnote.    And That's why conflict Related to Double credit and Joint custody Jurisdiction issues Nat Need to be
Addressed

14) The Bail Reform Act Read In Consunction and constructing 3585(b) and citing MR. Maldonado's claim under The Bail Reform Act constructing 3585(b)(2)(3)(4)(5)(8) Allows The B.O.P. to credit All pre-sentence time From 6/6/18 to 12/14/19 plus the time Related to The issue of The Federal Detainer That was issued on The Authority of ~~the~~ the Appellants offense 18 U.S.C.A § 3568, In Connection with The Federal Offense That convicted the defendant, and Sentence him "425 F.2d At 240. Which would be Altogether 20 months, BOP would be Allowed to credit All pre-sentence with out Any Conflict to the Law or Double credit issues. Any Conflict with The Bail Reform Act Read IN Consunction As The U.S. Supreme court Explained It, with Any Cited B.O.P. Rule to Deny the Request time credit would need to be Remeded In The U.S. Supreme court, MR. Maldonado Reading and cited case Law is in line with his Request, he was and still is Remanded to The control and custody of The Attorney General.

15) The defendants time in federal ~~custody~~ custody was Not credited From 6/6/18 to 12/14/19, and was Also Not credit to his State sentence, The State credited MR. Maldonado prison time, Not The Federal Government The State Released MR. Maldonado on 12/15/2019, Not The Federal Government, The B.O.P had Nothing to do with State prison issued time, and The B.O.P did not credit The time he was In federal custody to his State Sentence, State and Government are two Different Jurisdictions, The Federal Government cannot Not issue State time credit For a State prisoner, Nor can A State prison issue time credit For a federal prisoner or Detainee. State correctional Facilitys Issue Jail-time, prison time for There State Inmates, Not federal Inmates, and Federal correctional Facility issue Jail-time, prison time credit for There Federal Inmates Not state Inmates, each Jurisdiction has There own Obligation under Law, and MR. Maldonado pre-sentence time from 6/6/18 to 12/14/19 was Not credit to his State Sentence That would be un-constitutional.

16) And ___ the ___ sentence that would create a Double Jeopardy Clause issue, as addressed earlier, Mr. Maldonado was a pre-sentence Federal detainee not a pre-sentence State Detainee, so if the time Mr. Maldonado spent under Remande to the Attorney General from 6/6/18 to 12-14-19 was credit to a State Sentence that would be a Violation of Due process and a Double Jeopardy Violation, because Federal pre-sentence time is Federal, not state, and if the above is what happened then that is a Violation of the Double Jeopardy clause because Mr. Maldonado is being force to do the same time he spent in Federal pre-sentence custody under a Federal cartarder twice.

17) And the Reasoning B.O.P. is using to Deny Mr. Maldonado the pre-sentence time credit, that is also contradictive of the cited case Law Enclosed in this claim, it is also silent or Ambiguous to the Issue's Mr. Maldonado is addressing, there's no explanation, and the Agency / B.O.P. Interpretation is Arbitrary, capricious, and clearly contrary to Law, Related to the facts in this claim and Joint Jurisdiction over an Inmate / Detainee. And to Deny pre-sentence time in federal custody, is a Denial of Due process and a Violation of the Double Jeopardy clause.

18) Writ or no writ Mr. Maldonado spent 18 months in custody of the Attorney General by Remand Due to a court order of Detention in connection with the offense or acts for which sentence was imposed 18 U.S.C.S § 3568 And was not credited for pre-sentence time spent under a court order of Detention that Remanded him to the control of the B.O.P, and Attorney General.

8

19) ~~●●~~ because of The Detainer Issued, That Also Issued in
Mr. Maldonado being writed over, and wether The State had
Primary Custody or Not The Federal Government had primary
Custody over Defendants body At All times, Also Related to This
Claim., and because of The Governments action, his was
Denied his Early State Release date because of The detainer
placed on him. ~~●●~~ The detainer Also falls under A connection
of time / pre-sentence time spent in Federal custody, because
of The Federal Offense committed, Under 18 U.S.C. 3568
(1970 U.S. App LEXIS 4) wether A Defendant is in Custody of Another
Jurisdiction or on Another Sentence, once A detainer is lodged
Against him That Is time spent in custody in connection with A
Federal offence, Theres no Double credit Issue.

20) The detainer was Issued upon The Authority of The Governments
Federal Conviction and Sentence under 18 U.S.C. § 3568 (1970 U.S.
App Lexis 4) And Any days spent in pre-sentence custody with
The Offense or Acts for which A Sentence was Imposed, The B.O.P.
must give All pre-sentence time credit from 6/6/18 to 12/14/19 in Accordance
with The Bail Reform act Read, in constraing § 3585(b)(2)(3)(4)(5)(8) in
Construction The Same way The court Addressed The Issue of Jail-type credit.
Any time spent in Federal custody must be credited for Federal pre-sentence
time only, Federal time spent under A detention order cannot be credited to
A State Sentence, Nor can pre-Sentence State time be credited to A
Federal Sentence, to do This would be A Due Process and A Double Jeopardy
Violation, no Defendant should ever be Subject to Doing The same pre-sentence
time twice, its un-constitution, un-fair and wrong.

[9

21) As in the Huffman decision noted that if the defendant received Federal credit time (2022 U.S. Dist. LEXIS 13) served in State prison towards a state Sentence, he would receive improper double credit, Location is the issue at point Also being Addressed, Mr. Maldonado was Not in a State prison when the State gave MR. Maldonado his time Served credit, he was in Federal custody so there is No double credit issue, Double credit Applie's only to being given credit time to the Same Sentence or pre-Sentence, it's being given time credit on the Same prison term E) or Federal term, MR. Maldonado was given time credit for his State prison term, Not his pre-Sentence time in Federal custody, wether be 1st or 2nd Jurisdictional Custody, the Fact Remains MR. Maldonado was in Joint Jurisdictional Custody Related to two different Branch's of Government, And Nither Government can issue Jail-time-credit on behalf of the Other, the State has an obiligation to issue credit for the time MR. Maldonado spent in Their custody, and the Federal government has it obiligation to issue Federal pre-Sentence time MR. Maldonado Spent in Their Custody from 6/8/15 to present, under a court order, the court order also triggers, the Bail Reform Act Read in Conjunction with 3585(b)(2)(3)(A)(5)(B) as congress intended it to be.

22) During the 18 or 20 months Petitioner was borrowed (cause that will Be the B.O.P. Arguement) on A Federal writ 12 months before petitioner's Conditional release date from State custody, and during the 18 months in temporary Custody, which is still Custody Nevertheless, under a court order, and Remanded to the Attorney General, the State could Not Release the petitioner,

23) MR. Maldonado was Not Just borrowed, but he was never Returned to State custody, Unlike in Rosemond V. Menifee, 137 F. Supp. 2d 270 (S.D.N.Y.)(2000) A petitioner was borrowed on a writ and Returned to (2022 U.S. Dist. Lexis 15) State Custody, but under These Facts, the court held that the B.O.P. Could not "Unilaterally lengthen A petitioner's State Sentence by Use of a Federal writ, And That's exactly what B.O.P. did They Borrowed MR. Maldonado on a write Never Returned him to State Custody, There fore, FBOP Unilaterally lengthen his State Sentence, because he was Not Release on July 4, 2019 which was A early Release date, And Then The FBOP denied petitioners credit toward his Federal Sentence — For time That was not credited toward his State Sentence. The State Sentence was lengthened Solely by The Actions of The Federal Authorities — And This Represent A manifest Injustice, weither Direct or Indirect its wrong.

24) There is No double-counting here, The State is Responsible For Issuing Thire own State Jurisdictional credit For time Spent in Thire "Custody", and The Federal Government is Responsible For The Federal Jurisdictional pre-Sentence time credit to be Issued to a person in Thire "control and Custody", Due to court ordered Detention. Court ordered Detention trumps Any double counting, and may or Is A exception In line with The Bail Reform Act Read In Conjunction with 3585(b)(2)(3)(4)(5)(6) BOP is allowed by law to Applie, The provisions of 3585(b)(2)(3)(4)(5)(6) to allows time credit to pre-Sentence Federal Detainees As writed over, These other provisions, Allows B.O.P. to bypass Any Double credit issue's, its Just two Bregis Branchs of Government using

# Jurisdictional Responsibility
## BRANCHs OF Government

25) each Jurisdictional is Responsible For Issuing
It's own INdividual Responsibility, to use its
own Jurisdictional power to issue Jail-time-credit,
to A person in their custody. two DiFferent crimes
two Different courts of Jurisdiction, Responsibile For
Sentencing and Crediting pre-sentence time For a person
in there custody, courts can agree to Run time
and cases together Concurrent, but correctional
powers of State and Federal cannot Issue, Jail time
credit For a inmate, Not Sentence under thre Jurisdiction,
Nor can A State, issue time credit For A person IN
pre-sentence Federal custody, Any more then A Federal
correctional Facility issues credit For a state inmate Not sentence
under Thre Care, this is Also The Issue here, because B.O.P.
is claiming petitioners pre-sentence time, Federal time was
credited to his State Sentence, and, thats why he was Not
credited with his time spent in B.O.P. custody From 6/8/14 to 12/14/19

26) And iF this is The case, then this is A Violation of The Double
Jeopardy clause and Due process Violation, A pre-sentence Detainee
in Federal custody, Between 6/8/14 to 12/14/19, bews FORCE
to do the Same time twice is A Violation of Due process, because
3585(b)(2)(3)(4)(5)(8) Read in Conjunction with the bail Reform Act
As congress Indeeded it, to be, For issues That are being citied in
This case, cause there are No double credit issues iF BoP Reads
The Above in Conjunction with thre Computation, and Follow thre
Rules of The Beareau of prisons internal guideline that Require's credit For
time, Spent Under A court order oF Detention, this is how the Double credit issue ___ is Not Run in

/12

A State Sentence opt — Different then
A Federal Sentence un-less - RAN - together
Concurrently

27) Each Jurisdiction of a State, or Federal prison
System, is Responsibile for issuing its own Correctional
Credit to There own Inmates or Detainee's in There custody.
The Federal Government cannot forfit a Detainees
pre-sentence Jail-time credit and credit it to a
Sentence Inmate, in State custody. The Federal Government
Just as the State can only give time credit for a person
in There custody under a cart ordered Detention, and conviction.

28) being writed over from one Jurisdiction to another
doesn't forfit time under an Indtment that issued
in the charges that was writed a preson in another
Jurisdictions custody, supported by a cart order of detention.

29) The Petitioner, Inmate/Detainee was in Jount custody
At All times Related to this claim, and each Branch of Government
was Responsible for issuing its own time credit, there is no double credits
if the State Applies time credit from the thre of MR. maldonado arrest
to the end of his sentence, this is what the Law Requires, and there is no
Double credit issue when a pre-sentence Detainee is in Jount custody,
and applies time credit from the time the Federal Government Arrested
MR. maldonado and lodged him in its custody. there is also another
two ways MR. maldonado can get the time credit he seeks, and other ways
provided through out this Arguments

8) Footnote, this is why there is the separation of powers, the Federal Government cannot say
your pre-sentence time in federal custody was credit to your state sentence, federal pre-sentence
time can only be applied to a federal sentence, Not a state inmate sentence, Just to turn
around and say Oh we gave you time to another Jurisdiction, so the time you spent with us dont
count you have to do it twice. The State has its own Jurisdiction and it applies its own credit.

<u>Sentencing corrections, Modifications</u>
<u>Reductions</u>

30) ⬛ ONE is thru the <u>Detainer</u>, <u>which was lodged Against</u>
<u>him</u> on 4/28/18, ONCE A Detainer is lodged <s>against</s> a person
That is <u>time spent in custody</u>, <u>in connection with the [Federal]</u>
<u>Offense</u>, [18 U.S.C.A. § 3568]. since the detainer was Issued
upon the Authority of the Appellants federal conviction and
Sentence." 425 F.2d at 240. This would allow B.O.P.
to credit MR. maldonado's <u>Sentence</u> from the time of his
Arrest to the Issue of the <u>Detainer</u> from 4/28/18
to 12/14/2019 to <s>Run</s> concurrent with his federal sentence now)
and Reduce the time, so That MR. maldonado can be closer to
his Release date with out Running in to Any Double credit issue's.
See DAVIS V. Attorney General, 5 CIR. 1970, 425 F. 2D 236.
When a Federal Detainer is lodged Against a person he is in Custody.
And This is time Spent in custody in connection with the Federal
Offense [18 U.S.C.A § 3568] MR. maldonado was Convicted of
and Sentence" 425 F.2d at 240, The B.O.P. must credit, with All
credit from 4/28/18 to 12/14/19 to Run concurrent with his
Federal Sentence because it part of All time credit, in B.O.P. Custody.
Mr. maldonado also Fall's under the willis Rule, and or BOP Program statement
5880.28.)

31) Or the B.O.P. Can Apply the Provisions of 3585(b) Read in
Conjunction with the Bail Reform <u>act</u> and credit MR. maldonado, under ANY
⬛⬛⬛⬛ of These provisions of 3585(b)(2)(3)(4)(5)(8). The Bail
Reform act was enacted in the same statute as § 3585(b) as Congress
⬛⬛⬛ Intended it, so That Double credit issue can be Remeded ⎡1⎤
with the provided, Construing of 3585(b) in Conjunction with the Bail Reform
Act, Criminal Law 84-credit For pre-sentence time served, See 115, SCT 2021, 132
LED 2D 46. 515 US 50 RENO V. KORAY NO. 94-790.

32) There is also other way's for B.o.P to applie the pre-sentence time Mr maldenido spent in federal custody, from 4/23/18 to 12/14/19 that he was not credit with, if BoP believes there is a Double time Create issue and because of § 3585(b) as they citi' as there Reason, then 3585(b)(8) Allow's the B.o.P. with no Conflict of Double Credit, to Applie 3585(b)(8) to Adopt an Alternative Construction Allowing credit where a defendant, as in MR maldendo case, is, or where subjected to Jail-time confinement, what one provision will not allow, the other will if applied this way.

33) The B.o.P. Can Adopt the provision, of § 3585(b)(8) As it Allows, Criminal Law 84- credit for presentence time served, indeed MR. maldendo was serving, state prison time as the Same time he was serving pre-sentence Federal time under a court order, which applies provision 3585(b)(5) B.o.P. Prison internal guideline requiring credit spent under a Detention order, which the court issued on 6/6/18.

34) MR. maldendo was in custody of BoP since the issue of Detainer, as well, and placed in the custody of the Attorney General 24 HR's 7 Days a week, in connection with a court order, Remand Detention order, and Subjected to Jail-time confinement in a federal Detention center. Therefore the B.o.P, Can applie and Adopt the Alternative from 3585 not allowing Double credit, to 3585(5)(8), which provides an Alternative to applie Jail-time-credit to Remedy the issue of being arreled over, Thats way it's called an Alternative, is Another way to fix an issue as in mr maldendo case so that he can be Alternatively credit all his pre-sentence, Jail-type confinement with out a conflict in the Law, the other provisions in 3585(b)(1)(2)(3)(5)(6) Also applie in this case.

15

Fundamental Fairness
(2000 U.S. Dist. LEXIS 11)

35) Other issues that need to be addressed; In general, The Bureau of prison's is " ordinarily Not Required to give credit toward a Federal Sentence for time spent by a prisoner serving a Sentence imposed by Another Jurisdiction for an unrelated offense." Shaw v. Smith, 680 F. 2d 1104, 1106 (5th cir 1982) (citing Willis v. United States, 438 F. 2d 923, 925 (5th cir, 1971)). However, case law has established the following exception to this basic rule.

Time spent in state custody, even if an unrelated offense [9], must be credited toward time served on a Federal Sentence if the continued state confinement was exclusively the product of such action by Federal law- enforcement officials as to Justify treating the state Jail as the practical equivalent of a Federal one., if for example, a state defendant is denied bail solely because of a Federal Detainer issued against him, the time spent in (137 F. Supp. 2d 275) state custody Awaiting trial on Federal charge's must be credited to his Federal Sentence, and this is Exactly what the fed's did when they worked Mr. maldonado to Federal custody, because of the Detainer he was also denied Early Release from state custody, 680 F. 2d at 1106 (internal quotation marks and citations omitted).

36) See Also Davis v. Attorney General, 425 F. 2d 238, 240 (5th cir 1970) (if Appellant was denied release (2000 U.S. Dist. LEXIS 12) on bail because the Federal detainer was lodged against him,

Footnote 9) But that's not the case In mr. maldonado's claim, his Federal charge Is Related to his state charge, and because of his state charge the Federal Government charged him with the current charge he is now serving,

16

37) Then That was "time" spent in connection with The Federal offense, in maldonado's case. The Detainer was Issued on 4/28/18 in connection with The Federal offense That triggered The Issue of A writ That Allowed The Federal Government to bring Mr. maldonado in to Their custody, and Their action's played A big part IN maldonado being Denied "Early Release from A state prison" —, And since the detainer was Issued upon Federal Authority, and Mr. maldonado is entitled to credit, All pre-sentence credit from 6/6/18 to 12/14/19 to be Added to his current federal sentence under 18 U.S.C. § 3568)". Brown v. united States, 489 F.2d 1036, 1037 (8th cir. 1974) (per curiam)

38) Mr. maldonado Also Asks The court to Recognize the Authority of Davis" ); united State's v. Blankenship, 733 F.2d 433, 434 (6th cir. 1984) The evolved legal precedent Also teaches That the credit ~~against the~~ Against the Federal Sentence Attaches only when The Federal detainer, is the Reason The Prisoner's Failure to obtain his release of early termonation of his state sentence, As with The case of mr. maldonado in his claim before this court; peterson v. New York state Dept of corr. servs, 100 A.D.2d 73, 473, N.Y.S. 2d 473, 476 (2d Dept. 1984) ~~court~~ (Interperpreting 18 U.S.C. § 3568 to mean That credit be given if A state Defendant/inmate is denied Release because of the Result of a ~~Federal~~ detainer.

A) Footnote  OR B.O.P.

39) Although these cases interpreted 18 U.S.C. § 3568 [10] in the context of federal detainers, the underlying principle is applicable here, if absent the federal action — here a writ (2000 U.S. Dist. LEXIS 13) of habeas corpus ad prosequendum -- the petitioner would have been released under available state procedures, than credit toward his federal sentence must be given, from the issue of federal Datainer 4/28/18 to 12/14/2019 is the missing credit from the sentence, Mr. Maldonado is now on, in connection with the detainer that was lodged against him, in connection with a federal offense, that was issued upon the authority of federal officers which incurred a conviction and sentence" 425 F.2d at 240, Mr. Maldonado is entitled to all pre-sentence time under federal custody in connection with the detainer warrant 18 U.S.C.A. 3568. This request, it's fair and just, to deny it would cause ~~~~ a serious Injustice, and subject Mr. Maldonado to doing the same time twice violating Due Process and violating the Double Jeopardy Clause. Does not matter who had primary custody, ~~ all times related to this claim, Mr. Maldonado was in Joint federal and state custody at the same time, and subjected to both ~~~~ court Jurisdictions without question, and the separation of powers between Government and state allow each Jurisdiction to credit Mr. Maldonado under there own Jurisdiction. Separate credits can be issued, under the two Jurisdictional powers of Government, of the time in question 4/28/18 - 12/14/19

10) Repealed and Recodified at 18 U.S.C. § 3585(b)

18

40) This issue, and Case is Distinguishable From Any other case before this court or other Cir, Just like the willis and KayFez Rule Mr. maldonado's case Also create's A Narrow set Of Circumstances, as well as New Circumstances never Addressed in any court, as writen in this claim. Also ~~involve~~ involving the Effective full and Expiried terms Of each Sentence where A federal prisoner can Receive Credit from both Sovereign Government while in Joint Custody. Joint credit can be issued when A person that is an inmate in State custody, As well As A pre-Sentence Detainee in Federal custody At the same time., AND

41) For A New setup particular Cirumstances particular to A stretch OF Incarceration tied in to the Reading of the Bail Reform Act, Construing § 3585(b)(2)(3)(4)(5)(8) in Conjunction, Because it is a body of Law and must be Read in Conjunction; U.S. Supreme court Justice stevens J. dissented, The Supreme court decision, That both the text and purpose of § 3585(b) Contemplate That a person, like MR. maldonado, was Confined 24 Hrs A Day 7, days a week, pursuant to a court order is in official detention, No matter if he is in Dual Sovereign Jurisdiction it doesnot Change the fact he is indeed in B.o.P official custody, And 3585(b)(8) OR 3585(1)(b)(2)(3)(4)(5)(8) provides A way 3585(8) to Adopt An Alternative way From 3585(b) to ~~a~~ Alternative way OF Construction Allowing credit where a defendant is subjected to Jail-time-~~credit~~ Confinement, This is also another way the B.o.P. Can credit MR. maldonado's missing time From 4/26/16 to 12/18/19 to Run Concurrent to his Federal Sentence NOW.

[19]

42) Also Petitioner believes there may Also be ~~a way~~ A way For AN Exception to the Rule of 3585(b), If Defendant was under a court order As in this case, No matter if he was in Joint custody, Defendant was Remanded to to custody of The Attorney General by court order

43) and if credit can't be Applied For what ever Reason under 3585(b) then it can be Applied under 3585(b)(5)(8) when the Supreme court Addressed the issue of 3585(b), Read in conjunction with the Bail Reform Act because it was enacted in the same statute as 3585(b) Criminal Law ~~§~~ §84 - credit for presentence time served, it provides AN Exception under §3585(b)(5)(8) so that the B.O.P. can Applie pre-~~sen~~ sentence time MR. Maldonado spent in there custody with out a conflict of the state time provided by the state Government while Defendant was in the custody of the federal Government when he was writed over.

44) 3585(b)(B) and 3585(b)(5) provides AN Alternative way B.O.P. or a court, Allowing credit for all the time MR. Maldonado spent in there care, criminal Law 84-credit For pre-sentence time served Read in conjunction with the Bail Reform act constuing 3585(b) with the above Allows B.O.P. to credit pre-sentence time the Petitioner is Requesting from 6/6/18 to 12/14/19 with out A Double credit issue, A court order Also create's AN Exception to the normal Rules b.o.p. Also use's to Deny credit in case's like Mr. maldonado, The Request is For the court to help. 20

# CONCLUSION

45) There ARE A lot of Questions Mr. Maldonado Petition
Request to be Addressed and Answered, And out of All the
importants of all of them, the burning question is, does A
Signed ~~ORDERS~~ by a federal court, that orders the Remand and Detention
of a Defendant, to the custody of the Attorney General, and B.O.P.
Create AN Exception to the way B.O.P. has ~~always~~ Applied
the use over years of 3585(b) [11] footnote Interpretatio VAFER, OF those
Interpretation to Deny pre-sentence credit time, while AN inmate,
pre-sentence Detainee is in Joint Dual Sovereign Jurisdiction.

46) A Defendant/inmate[12] pre-trial Detainee[13], is in Dual Joint
Sovereign custody under both Branchs of State and Federal Gov,
under both Jurisdiction, each one is Allowed to issue one credit
For a State term of incarceration under a court or Sentence which the
State did, and the other is Allowed to issue there own credit
under the Federal Detention order where a Defendant not inmate,
is Subjected to Jail-type confinement §3585 (5)(8) Read together
with the Bail Form act criminal law §84 -credit for presentence
time Served, which B.O.P. Did not give to MR Maldonado, between
the time of 6/6/18 to 12/14/15 under a court order, the federal gov
cannot credit Petitioner pre-sentence time to his State Sentence
that credit is provide by the state Government only, and there is no
Double credit issue here. BOP has not Read the Bail Reform —
Artful interpretation

11) Footnote  Artful interpretation

12) Footnote  Inmate to the State

13) Footnote  pre-sentence person/Detainee to Gov.

27

47  ▓▓▓▓▓ Act as congress has said it needed to be, under 18 USCS § 3585 (1) construing § 3585(b) in conjunction with the Bail Reform Act - As- must be done because the Bail Reform act is a body of law that authorizes federal courts to place presentence Restraints on defendant's liberty, (as the court did on 6/6/18. when Mr. Maldonado was committed to the custody of the Attorney General and the control of the B.O.P. 24/7, for 18 to 20 months, please see Criminal Law § 84-credit for presentence time served § 3585(b) (2)(3)(4)(5)(6) one of these ~ provisions if not all provides A way for the full presentence time from 6/6/18 to 12/14/19 ( ) to be Applied to MR. maldando current Federal Sentence. There is An Exception within the Rule to allow Full credit, that was not provided by the B.O.P.


The Request is for the court to issue all time credit from 4/28/18 to 12/14/19 Order B.O.P. to issue All missing time, or find An Alternative way to allow B.O.P. to Adopt the law as congress provided its use in the Bail Reform Act Read in conjunction with 3585(1)(b)(2)(3)(4)(5)(6) as congress indeed, Intended it to be Read, B.O.P. ~~does~~ Does no Read it As it should be Read when Denying pre-sentence credit that's due. ▓

*Signature*  7/11/22

Footnote:
The state maintained Primary Jurisdiction over the term of imprisonment Not over the body when transferred to Another Jurisdiction, the posession of The body and primary pre-sentence status was primary to the Federal Government only.

22

48) There is Another issued that needs to be Addressed because there is Also Another way BOP can issue the missing pre-sentence credit while petitioner was in Joint custody, if A defendant is being separately sentenced by A federal and state court, the credit should not be Arbitrarily depend on the timing or the order of the sentencing by the two courts; that is also the issue here with MR. maldonado claim (4) since § 3585(b) provides A Right to a credit which A District court cannot determine at the time of sentencing, the Attorney General has No choice but to make the determination, For (A) 18 USCS § 3621 (A) gives the A.G., ~~(XCX)~~ through the B.O.P, the Responsibility of Administering sentences, and (b) the BOP, in order to fulfill his duty., ...

49) 3585(b) Alters former§ 3568 in three ways Replacing the term "Custody" with the term "official detention" making in clear a defendants cannot Receive a double credit for detention time (but gives No mention of being Remanded to the Attorney General on a contender)(like MR. maldonado was) (C) enlarging the class of defendants eligible to receive credit, through including Not only (i) As under former § 3568, Credit for time spent in custody in connection with the offense for which sentence was imposed, but Also (ii) credit for time spent in ~~custody~~ official detention in connection with specified Other charges, MR. maldonado falls under (C)(i)(ii) please see page (9) , (stevens and white, JJ., dissented in part from this holding — See 112 SCT 1351, 117 LED2D 593, 503 US 329 U.S. v. WILSON, Criminal Law § 84; Evidence § 167 — Federal credit for pre-sentence time served — Computation by A.G.

Requested Custody and pre-sentence time from
4/28/18 to 12/14/19

23

The petitioner points out A very good question of Law and policy that needs
to be Addressed, BOP's decision to use effective Full term for
purposes of implementing § 3585(b) without Reading the Bail Reform
Act in Conjunction with it as Congress said it must Along with the U.S.
Supreme court Criminal Law §84 credit-for-pre-sentence time served,
was a policy Adopted for Administrative convenience, Not because it was
LAW, And if BOP Adopted 3585(b) for Administrative convenience
(606 Fed. Appx. 662 opinion; VANASKIE, Circuit Judge.), Then BOP can
Also Adopte Criminal Law §84-credit for presentence time served-official-
Detention under 18 U.SCS § 3585(b)(1)(2)(3)(4)(5)(8) construing it, in
Conjunction with the Bail Reform act as must be done because its a body of Law
That Authorize's Federal courts to place pre-sentence restraints on a defendants
liberty, As the court did when it issued the Detainer 4/28/18, and court
Remand Detention order, That Remanded MR. maldanado to the custody of the
Attorney General, and control of the B.O.P. 24/7. This was the review
of the U.S. Supreme court decision - IN - 115 SCT 2021, 132 LED2D 46, 5/5
US 50 Reno V. Koray No. 94-790.


The BOP Adopted 3585(b) for Administrative convenience, and it would Also
be Reasonable for BOP to Adopte the Bail Reform act Read in conjunction
As the Above Requested to Also Avoid the complexities and details of Rules
Which very from state to state Just like in the Willis and Kayfez Rule, even
If there is No concurrent sentences scenarios 3585(b)(5)(8) OR 3585(5)(8)
OR 18 USCS § 3585(b)(1)(2)(3)(4)(5)(8) Read in conjunction would Allow the
BOP to Honor the Request, Custody and presentence Jail time Detention credit
From 4/28/18 to 12/14/19 without Any Double credit issue's, The use of
Criminal Law §84, provides B.O.P. A way to issue there Jurisdictional credit
without issue, either thru a court order or BOP's Adoption, it's Reasonable the
Petitioner MR. maldanado does not have to do the same prison time twice, But's

ADMINISTRATIVE LAW, JUDICIAL REVIEW
Construction of Statute

2 sided

50) AN **Administrative** Agency's [BOP] internal guideline Interpreting A statute Which the The Agency is charged with Administering-is entitled to Some Judicial Deference where the guideline is A permissible construction of statute. BOP CAN Apply and Adopt the use of Criminal Law 84-Presentence time Served Read in Conjuction with 3585(b)(2)(3)(4)(5)(8) to Apply All Requested pre-trial Custody without calling it A Double Credit. This is A permissible construction OF the statute, See 115 ScT 2021, 132 LED2D 46, 515 US 50, Reno V. Koray, congress enacted the Bail Reform Act in the Same Statute As §3585(b) So that the other sections could be Applied, in A Case where A inmate/ pre-sentence Detenee in Joint custody can be applied credit where one statut may Not allow the other will §3585(b)(1)(2)(3)(4)(5)(8) Criminal Law 84—Presentence time served, These Allows BOP to Award credit while A defendant Is in Dual Custody, The State awards their preseterm credit — And the BoP Awards credit to the Requested time with out Issue, under §3585(5)(8) The Issue is Remedied.

51) BOP CAN Also Award All of Mr. Maldonado pre-sentence time, For time Served of the Issue of Arrest, IF it can be done from pre-Sentence Detention, Then It can be issued from time of Arrest which is Alternative time credit, The A.G. has the power to do This, And it lies solely with him or her and the BOP, U.S. V. Gibbs 626 F.3d 344, 2010 Fed App 0361P (6th Cir 2010), 2010. App. After Remand, 461 Fed. App'x 489, 2012 FED App. 0138N (6th Cir 2012). under 18 USCS §3585(b) Read in Conjuction with the Bail Reform Act criminal Law 84 - presentence time Served see 3585(b)(3)(4)(5)(8) to provide the credit petitioner Seeks. From 4/28/18 Detenee arrest warrant, or From 6/6/18 to 12/14/19 court order Detention Remanded to the A.G. and Subjected to BOP control 24/7 to present, No will be improperly Awarded under 3585(b) IF Criminal Law 84 is used As AN Alternative to apply missing Jail type confinement credit, 18 USCS § 3568, 115 Sct 2021, 132, LED2D 46, 515 US 50 Reno V. Koray,

MR. Maldonado would like the court to understand
The Reason's he is pushing These issue's in the court,
18 months of Jail time credit is serious to the Maldonado
Family and MR. Maldonado, he has been infected with
Covid-19 twice, 5 Family member's have Dead
In N.Y.C. Between last year and Now, MR. Maldonado's
mother is a Sick and his step Father may Die any day
and if The 18 or 20 missing months are Credit
MR. Maldonado could be Release This month or This
years There are many other Reason but the petitioner
will keep it short to Save court time.

7/29/22

*Memorandum of Law*

*Supporting The Fact The Bop Can Adopte*
*Criminal Law 84 Read with 3585(B)(2)(3)(5)(E) D*

ible construction of the statute.

AUG - 3 2022

### Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Where a defendant faces prosecution by both state and federal authorities, the **primary custody doctrine** determines where and how the defendant will serve any resulting sentence of incarceration. The basic principle is that the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. A sovereign can relinquish primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. The United States Court of Appeals for the Third Circuit has explicitly recognized, however, that temporary transfer of a prisoner pursuant to a writ ad prosequendum does not constitute a relinquishment.

### Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

In the context of the **primary custody doctrine**, the United States Court of Appeals for the Third Circuit has held that the length of time in federal detention is irrelevant to the question of relinquishment.

### Criminal Law & Procedure > Sentencing > Credits

The Bureau of Prisons (BOP) Program Statement 5880.28 provides that a federal prisoner can receive credit from both sovereigns for a particular stretch of incarceration under a narrow set of circumstances involving the effective full term (EFT) of each sentence. BOP Program Statement 5880.28, at 1-14 defines an EFT as the full sentence length without including any potential time credits. The Willis rule applies only if: (1) the state and federal sentences are concurrent, and (2) the state EFT is equal to or shorter than the federal EFT. BOP Program Statement 5880.28, 1-22 through 1-22A. The Kayfez rule applies only if: (1) the state and federal sentences are concurrent; (2) the state EFT is greater than the federal EFT; and (3) the state EFT, after application of qualified presentence time, is reduced to a date that is earlier than the federal EFT. BOP Program Statement 5880.28, 1-22B through 1-23A. The purpose of both rules is to address scenarios where a credit against a concurrent state sentence would not benefit the defendant except that he would be serving only one sentence instead of two concurrent ones. Crediting the disputed period against his federal sentence will correct the problem.

### Criminal Law & Procedure > Sentencing > Credits

As the Bureau of Prisons (BOP) has interpreted 18 U.S.C.S. § 3585(b), credit towards a term of imprisonment is calculated not based on the actual length of the sentence but on the effective full term. As noted in the Kayfez decision, the BOP's decision to use effective full terms for purposes of implementing § 3585(b) was a policy adopted for administrative convenience because to do otherwise would require the BOP in all similar cases to consider the complexities and details of rules which vary from state to state. In the Kayfez decision, the United States Court of Appeals for the Seventh Circuit expressly concluded that the BOP's exclusive reliance on the full term is reasonable.

Opinion

**Opinion by:**        VANASKIE

Opinion

03CASES                                    1

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05439068



# MEMORANDUM OF LAW

115 SCT 2021, 132 LED2D 46, Page 1 of 1
515 US 50 Reno v. Koray No. 94-790.

Classified to U.S. Supreme Court Digest Lawyers' Edition

Criminal Law § 84 - credit for presentence time served - official detention - confinement in community treatment center.

1a, 1b, 1c, 1d, 1e, 1f, 1g. A federal criminal defendant who-pursuant to a provision of the Bail Reform Act of 1984, 18 USCS § 3142(c)-is released on bail to await sentence but is ordered confined to a community treatment center, or "halfway house," is not in "official detention" under 18 USCS § 3585 (b) and, therefore, is not entitled to credit under that provision against his eventual prison sentence for the time spent in the treatment center, because (1) construing § 3585(b) in conjunction with the Bail Reform Act-as must be done because the Bail Reform Act is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty, and because the Bail Reform Act was enacted in the same statute as § 3585(b)-leads to the conclusion that a defendant suffers "detention" only when committed to the custody of the Attorney General, while a defendant admitted to bail on restrictive conditions is "released," (2) other related sentencing provisions confirm the interpretation that credit under § 3585(b) for time spent in "official detention" is available only to those defendants who were detained in a penal or correctional facility and were subject to the control of the Bureau of Prisons, (3) the context of § 3585(b) strongly suggests that the period of presentence detention must be equivalent to the imprisonment itself, (4) nothing suggests that Congress, when it reworded the credit statute, replacing the term "custody" with "official detention," disagreed with the prior rule of Federal Courts of Appeals that denied credit to defendants who had been released on bail. (5) a Bureau of Prisons internal guideline requires credit for time spent under a detention order, but not for time spent under a release order, (6) a reading of § 3585(b) under which the phrase "official detention" would include the restrictive conditions of confinement to a community treatment center is not the only plausible interpretation of the language, (7) the fact that a defendant "released" to a community-treatment center may be subject to restraints which do not materially differ from those imposed on a "detained" defendant committed to the custody of the Attorney General and then assigned to a treatment center does not undercut the distinction that, unlike defendants released on bail, defendants who are detained always remain subject to the control of the Bureau of Prisons, and (8) to adopt an alternative construction allowing credit where a defendant is subject to "jail-type confinement" would require a fact-intensive inquiry into the circumstances of confinement, while the construction that confinement to a treatment center is not "detention" provides both the government and defendants with clear notice of the consequences of a Bail Reform Act "release" or "detention" order. (Stevens, J., dissented from this holding.)

**Detainers:** (Further information may be obtained by contacting the detaining agency)

| Detainer Date | Agency | Type | Date Canceled |
|---|---|---|---|
| 04/23/2018 | USM JACKSONVILLE | DETAIN | |
| 07/03/2018 | NEW YORK COMM CORR | DETAIN | |

**Incarceration History:**

| Date In-Custody | Date Out-Custody |
|---|---|
| 04/16/2018 | Out of Dept. Custody by Court Order |

First | Previous | Next | Last | Return to List     New Search       Record: 1 of 1

The Florida Department of Corrections updates this information regularly, to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, release date, or other information regarding an inmate.

This database contains public record information on felony offenders sentenced to the Department of Corrections. This information only includes offenders sentenced to state prison or state supervision. Information contained herein includes current and prior offenses. Offense types include related crimes such as attempts, conspiracies and solicitations to commit crimes. Information on offenders sentenced to county jail, county probation, or any other form of supervision is not contained. The information is derived from court records provided to the Department of Corrections and is made available as a public service to interested citizens. The Department of Corrections makes no guarantee as to the accuracy or completeness of the information contained herein. Any person who believes information provided is not accurate may contact the Department of Corrections.

For questions and comments, you may contact the Department of Corrections, Bureau of Classification and Central Records, at (850) 488-9850 or go to Frequently Asked Questions About Inmates for more information ( http://prod.fdc-wpws001.fdc.myflorida.com/ci/index.html ). This information is made available to the public and law enforcement in the interest of public safety.

Search Criteria: (/OffenderSearch/search.aspx?TypeSearch=AI) Last Name: maldonado First Name: Samuel Search Aliases: YES Offense Category: County of Commitment: ALL Current Location: ALL

Return to Corrections Offender Information Network (../OffenderSearch/InmateInfoMenu.aspx)

http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=158820&TypeSearch=AI

Exhibit B



AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Samuel Maldonado | ) | Case No.   3:17-cr-179-J-32PDB |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

&#9744; Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

&#9746; Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

&#9744; **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

&#9744; **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

&#9744; **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

&#9744; **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

&#9744; **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501-70508); **or**

&#9744; **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

&#9744; **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

&#9744; **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

&#9744; **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

&#9744; **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

[ Exhibit A ] [ 1 of 3 ]

AO 472 (Rev. 09/16) Order of Detention Pending Trial

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above.

    **OR**

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❏ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ❏ Weight of evidence against the defendant is strong
    ❏ Subject to lengthy period of incarceration if convicted
    ❏ Prior criminal history
    ❏ Participation in criminal activity while on probation, parole, or supervision
    ❏ History of violence or use of weapons
    ❏ History of alcohol or substance abuse
    ❏ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties
    ❏ Lack of significant community or family ties to this district

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

❑ Significant family or other ties outside the United States
❑ Lack of legal status in the United States
❑ Subject to removal or deportation after serving any period of incarceration
❑ Prior failure to appear in court as ordered
❑ Prior attempt(s) to evade law enforcement
❑ Use of alias(es) or false documents
❑ Background information unknown or unverified
❑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The United States moved for detention. The defendant stipulated to detention and waived his right to a detention hearing.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        06/06/2018                    _____
                                           United States Magistrate Judge

*Urgent*

BP-A0148
HSLC 10

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) MR. Smith | DATE: 6/10/22 |
|---|---|
| FROM: Mr. Maldonado | REGISTER NO. 70478-018 |
| WORK ASSIGNMENT: | UNIT: CR 302 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

IN Ref: TO time Computation, My Release date is incorrect
I've been in B.O.P. Custody For 4 year's 48 months, under writ or no writ
B.O.P. Requires credit For time spent under a detention order, Criminal Law
§ 84 - credit For presentence time served - Official detention Confinement § 3585(b)
Order of Detention issued on 6/6/18 by u.s. court Defendant was committed to the custody
of Attorney General, "Custody official detention (5) 3585(b)(5) A Bureau of
Prisons internal guideline Requires credit under A Detention order

(Do not write below this line)

DISPOSITION:

SEE ATTACHED FEDERAL LAW AND WRITTEN EXPLANATION.

[This is Not AN Explanation, It's A Statute of 3585(b), and it does not
Explain anything]

| Signature Staff Member T. PATRONE, SCSS | Date July 7, 2022 |
|---|---|

Record Copy - File; Copy - Inmate

PDF                                    Prescribed by N551/

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FAI 1330.17
May 07, 2021
Attachment 1

Federal Correctional Institution
and Federal Prison Camp
Fairton, New Jersey

# ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

**This form is to be completed by the Correctional Counselor.

Date: 7/7/22

Inmate Name: Maldonado, S    Reg. No.: 70178-018    Unit: CR-302

1) The inmate's complaint: My time Computation is incorrect Been under Court order since 6/6/2018

2) The relief he is requesting: to be given credit under B.O.P. Guideline Criminal law 84 -Credit - official detention Classified to U.S. Court Digest Lawyers Edition 18 USCS §3585 (b) (5)(8)

3) Efforts made by the inmate to informally resolve the complaint, Including the names of staff he contacted: Submitted copant

4) Efforts made by staff to informally resolve the complaint: See Attached Response

Date Informally Resolved: _____ -or- Date BP-229 issued: _____

_____
Counselor Signature

7/7/22
Date

_____
Unit Manager's Signature

7/7/22
Date

_____
Inmate's Signature

7/7/22
Date received from staff

Exhibit B

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **MAldonAdo, Samuel**     **70478-018**    **CR 302**    **F.C.I. FAirton**

LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** My time Computation, And Release Date is in-Correct, I've been UNDER A court DETENTION order Since 6/6/2018,[Exhibit A,1-3] 4years ONE monTh. UNder A writ or Not BoP. Rule, And Federal law Requires Credit For time spent under A Court order; CRiminal Law §84-Credit For time spent under A detention oFFicial Confinement §3585(b) Exhibit B] oN 6/6/18, MR MAldonAdo wAs committed to the Custody oF The Attorney General, "Custody oFFicial Detention §3585(b)(5) Exhibit B A BUREAU oF Prison InTernal guideline Requires Credit under A Detention order. THE plain Language oF B.o.P. and Federal law 3585(b)(5)(8) Requires credit. The statute is Not subjected To change or Amendment withouT Congresstional ApprovAl. Even iF A person wAs oN ANother Sentence And The court wAs SilenT oN The Issue or Not, B.o.P. must Follow it's InTernal Guidelin. 3585(b)(5)(8) Exhibit B] The detention order is signed by A Federal Judge and The statute must be Honored, please Also See Example C under _____ 3585(b)(2)(3)(5)(8)

**7/7/22**          All credit must be given _____
DATE          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Exhibit C-1

_____          _____
DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)

# EXAMPLE C

Example: If a Detainee is in Joint custody, state inmate, and Federal Detainee, This time of credit is Due to any time spent in federal custody, Because there is No Double credit, Related to the issue, any credit Defendant would have Received in state Custody was not given, Based on the Fact An inmate can only, get good time credit for time spent in custody, There for a Defendants good time Release date may have been July 4, 2019, but when Removed from That custody Defendant must now do the full term. if a defedn is in Joint custody Then he must As a matter of Law get time on his Sentence and any time spent under a <u>court Detention order</u>, per B.O.P. Rule and Federal Law. There is <u>NO Congresstional Law OR Statute</u> That says other, Rule's cannot Just be made up because someone says it is with out Congresstional proof, to back it up, MR. Maldonado claim is Supported by B.O.P. Rule, policy, and federal Law, and If it's A custom practice of courts or B.O.P., The Law and Congresstional power Does not Allow It, to Exist.

[ EXAMPLE C ]

1) 3585(b)-leads to the conclusion That a defendant suffers detention
only when committed to the custody of the Attorney General,
Mr. Maldonado was committed to the, and Remanded to the custody
of the Attorney General by court Detention order on 6/6/18
< MEMORANDAN OF LAW >

2) 3585(2) oTHER related sentencing provisions confirm the interpretation
That credit under § 3585(b) for time spent in "official detention" is Available
only to those defendants who are, or where detained IN A penal or correctional
Facility and where subject to the control of the Bureau of Prisons,
MR. Maldonado by issued court Detention order Date 6/6/18 was
subjected to the control of The B.O.P. when he was Remanded to the
custody of the Attorney General, And was detained IN Baker county
correctional Facility under Detainee # BCSO18JBN00188, therefore he
was indeed detained IN a correctional Facility, A Jail-type-confinement 3585(B).

3) 3585(4) Nothing suggests that congress, when it reworded the credit statute,
replacing The term "custody" with official detention, disagreed with The prior rule of
Federal courts of Appeals that denied credit for defendants who had been released
On bail, MR. Maldonado was never out on BAIL, he was IN official detention, and
wenther or not he was on another sentence, B.O.P. is Required under The cited Law
and its own Internal guideline to issued credit spent under A detention order
(Classified to U.S. Supreme court Digest, Lawyer's Edition Criminal Law § 84-
credit for presentence time served - official detention, under 18 USCS § 3585

4) Construing § 3585 iN consenction with The Bail Reform Act - As must be done
because bail Reform Act is The body of Law That Authorizes Federal courts
to place presentence restraints on a defendants Liberty, And Because The Bail
Reform Act was enacted in the same statute as § 3585(b) leads to the
conclusion That a defendant suffers "detention" only when committed to the
custody of the Attorney General, AS Mr. Maldonado suffered when the court
committed him to the custody of the Attorney General by issued court
order on 6/6/2018

5) § 3585 (b)(2)(3)(4)(5)(6) are all in line with Federal Law and A Bureau of prisons Internal guideline, that Requires credit For time spent under A detention order, There is Nothing in this Statute That congress Approved, That Say None of § 3585 (b)(2)(3)(4)(5)(6) Apply's to Defendant's where they where pulled over from other Sentence That none of the cited case Law apply's, there is nothing in the true Statute of Law, That Says "if Defendants Sentence was credit with the same time spent in Federal custody then Above Law Does not Apply, if that was the case congress would have wrote it in with the conjunction of § 3585 (b) with the Bail Reform Act, in order to determen if Defendant can get credit for the Requested total time in b.o.p. custody, Joint custody, The Statute's have to be Read together as the Law Requires

6) The Statute of 3585 (b) must be Read in conjunction construing § 3585 (b) with the Bail Reform Act - As must be done because the Bail Reform Act is a Body of Law As congress intended it to be, So that there is no confict of the issue of credit, the P.S.R. Is Incorrect as as a matter of Law, and is based on the understanding of A probation office, That is Not A Lawyer or Judge and Has No understanding of the interpretation of Congressional Laws The case Law is classified by the U.S. Supreme court (Stevens, J dissented from this holding, "credit from 6/6/18 per 3585 (b)(2)(3)(4)(5)(6) Requires All the time spent under A court order must be credit to Mr. maldonado, wenther it was Primary or 2nd, Dacy Jurisdiction, B.o.p. maintained the body, the issue is not when A Sentence Expired, or what was credited to another Sentence, this issue is the Law in this memorandum, and what B.o.p. Guidelines state Defendant was in Joint Custody and credit As a matter of Law must be issued by State and Federal Jurisdiction, Federal and state had Jurisdiction over the body At the same time,

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 12, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FAIRTON FCI

TO  : SAMUEL MALDONADO, 70478-018
      FAIRTON FCI    UNT: C    QTR: C03-302L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 1126011-F1
DATE RECEIVED    : JULY 8, 2022
RESPONSE DUE     : JULY 28, 2022
SUBJECT 1        : OTHER JAIL TIME CREDIT
SUBJECT 2        :

Exhibit A-1