UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

AUG 3 1 2022

AT 8:30 _____ M
WILLIAM T WALSH
CLERK

Samuel Maldonado
    Petitioner

CASE #1:22-cv-04874-(KMW)

V.

S. MERENDINO, Warden
    Respondent

MEMORANDUM OF LAW
IN Support of Petition

MEMORANDUM OF LAW
IN Support of Petition

MR. Maldonado Files This Motion OF MEMORANDUM
OF LAW IN Support OF Filed Petition.

Respectfully submitted
x _____
8/22/22

2

# MEMORANDUM OF LAW
## Support Argument

The issues The Government will Address in its Reply will have nothing ~~to do with~~ [struck through] ^(A)

to do with A court ordered Detention, a court Detention order opperate's Different, Sepented from the power of A issuing of A writ of habeas corpus Ad proseguendum, which Just change's A person's, Location, but A Detention order commits A person to the custody of Another courts Jurisdiction, and subjects That person to the control of Another, and in This case MR. maldando may Not be entitled to Any credit under the writ, but Pre-sentence credit can be Awarded under the court order of Detention issued on 6/6/18 by order of A United State federal court.

2)  This Argument is Not about being borrowed from a State prison and being in the primary custody of the State for which A prisoner was Borrowed on A writ. This is about A court order of Detention, and once A court issues An order of Detention by way of issued court order, the prisoner is Not only in the primary custody of the State Any more, he become's a Defendant in pre-trial custody case, in primary custody of the Attorney General, subjected to 24/7 control under B.O.P. Both sovereign Government State and Federal had full control over MR. maldando simultaneously when the Federal court issued the Detention order on 6/6/18, and once the court issued the Detention order it Actuated All the provision of the Bail Reform Act Read in conjunction with 3585(b)(1)(2)(3)(4)(5)(6) which Allows Any court or B.O.P. to issue All missing credit addressed in This claim.

3)  The Reasoning is sound and legal and The Bail Reform Act must be Read in conjunction with 3585(b) because congress made it clear it is A body of Law and must be Read together. The issue of the court order Allows MR. maldando to be credited with out An y Double credit issue, Double credit issue would Arise only under The writ, Not A court ordered Detention.

^(A1)) Government Argument ~~will~~ ~~[struck]~~ does not come close to what petitioner is addressing in This case Argument Nor do they Address The Key points of petitioner's claim

RECEIVED

AUG 31 2022

AT 8:30 _____ M
WILLIAM T. _____
_____

4) Once a court orders The Detention of A pre-Sentence Defendant, The provisions of 84, Criminal Law 84-Credit For presentence time served – official detention, apply to this case, under A court order of Detention issued on 6/6/14. The State may have had primary custody over MR Maldonado; term of his prison sentence but Not over his pre-trial custody. Primary custody and Jurisdiction of MR Maldonado pre-sentence time Remained with The Attorney General ~~alone~~ Alone. and once The federal court issued a legal Detention order it Fell in line under The Bail Reform Act, the Bail Reform Act Allows a court to place Presentence restraints on a defendant's liberty. The Federal court placed pre-Sentence Restraints on MR Maldonado liberty, when it issued The Detention order Remanding MR Maldonado in to The Custody of The ~~B.O.P.~~ Attorney General, and At The very moment of The issuing of The Detention order, MR Maldonado was in Simultaneously Joint primary custody of Both Federal and State Governments.

5) B.O.P. and The Government Artful interpretation, Interpretatio VAFER, is missing the point and not Addressing The Detention order issue and trying to Focus The courts Attention on The Writ, being Borrowed and That's not what This case argument by MR. Maldonado is About. once A federal court issues A Detention order seperate from A writ – Ad prosequendum, every thing After Allows A pre-Sentence in federal custody to be credited under Criminal Law 84-⊛ Credit For presentence time served – official detention. If MR Maldonado was writed over to the Fed's, and sent back to The State his argument would be with out merit, but That's not what happen. he Never was Returned to The State, The feds Didn't Just Borrow, they kept primary control and custody thru The Detention order from 6/6/14 to present and This Cause more harm Than good to his State Sentence as addressed in The claim before This court.

1) Footnote Defendant

4

6) The court placed Presentence restraints on MR. maldonado's Liberty, when it issued the court ordered Detention, and BOP was suppose to Read All time credit issues in Conjunction with the Detention order, Not the Fact MR. maldonado was on a writ, BOP is Denying time credit based on The writ From 6/6/18 to 12/15/19 but the writ is not the issue in this case, its The Detention order The B.O.P. must Address, and the court should focus on.

7) Reasons being; Criminal Law § 84-Credit For presentence time Served-Official detention-Classified to U.S. Supreme court Digest Lawyers Edition under. 14 USCS § 3585(b)(1) Construing [a] § 3585(b) in Conjunction with The Bail Reform Act-as-must be Done because ~~the~~ The Bail Reform Act is The body of Law That Authorizes federal courts to place presentence restraints on A defendants liberty. and That's exactly what The court did on 6/6/18 by Remanding MR maldonado to The custody of The Attorney General and control of the BOP 24/7. ~~_____~~

8) 18 USCS § 3585(b)(1) Construing § 3585(b) in Conjunction with the Bail Reform Act-as-must be done, Allows B.O.P. to credit All missing time From 6/6/18 to 12/15/19 under The power of The Courts Detention order, and There are A fews way's this court can Allow B.O.P. to Do it. § 3585(1)(b)(2)(3)(4)(5)(B) Allows this type of Credit. And indeed A writ of habeas corpus ad prosequndum doesn't Alter a defendants custody status, but a federal court order of Detention does. the court order of federal Detention Alters The defendants custody Status from primary custody to Dual primary custody, A person that exist Simultaneously in Dual Jurisdictional custody of The state and Federal Government. The Example of this is like being in A car and Driving it at the same time, Holding A Book and Reading it at the same time, or walking and talking at the same time, two actions in one and That's exactly what happen when The Federal court Issued The Detention order on 6/6/18 Remanding MR maldonado ~~_____~~

[a] Footnote RENO V WRAY 515 US 50. 132 LEd 2d 46. 115 SCT 2021

5

9) In to the custody of the Attorney ~~████~~ General under a court Detention order. There is No Dauble credit issue here Related to a court order of Detention, each government has its own power to Apply presentence time to persons in there Jurisdiction of control — the State is Responsilible for providing there own Jurisdictional credit for the term a prisoner is in their Care, and the federal Government is Responsilible for providing credit for any time a Defendant spends in there custody. Jurisdictional credit of federal and state are Not the Same and the issues in this Case connot Related to Dauble credit There is No Dauble credit under a court order of Detention which is Not the Same As the writ. The writ is not the issue in this case, it's the Detention order Issued on 6/6/18 which Remanded MR. maldonado In to the custody of the Attorney General and Subjected him to 24/7 365 Days of B.O.P. Control, this is Also the case of when primary custody Becomes Dual primary custody.

10) Once a court orders the Detention of a Defendant As the court did on 6/6/18, MR. maldonado was Remanded to the Attorney General, under Official detention. The U.S. court of Appeals for the (3rd cir) Reversed-holding That "Official detention for the purposes of credit under § 3585 b) included time spent under conditions of Jail type Confinement (21. F. 3d 556) MR. maldonado was Subjected to Jail type Confinement under a Detention order in the control of the B.O.P. in Baiker county Detention Center from 6/6/18 and on thru out All of his Incarceration in BOP custody. At all times Subjected to the control of the B.O.P.

11) B.O.P.'s own Internal guideline Also Require's credit for time Spent under a court order of Detention. criminal LAW 84 Read in conjunction with 3585(b)(1)(5). 3585 (8) Also provides an Alternative to ~~██~~ the writ, to apply Jail-time credit to Remed the issue's before this court. A Detention order is not the same as a writ of habeas corpus ad prosequendum. The Detention order Requires B.O.P. to provide All the missing credit missing from 6/6/18 to 12/15/19 to MR. maldonado present Sentence.

-www.free-printable-paper.com

6

12   Congress say's Not where credit has Already been Awarded, It Does not mention The Difference Between how the credit is given or who gives it, The B.O.P. Can't Just say," Well The state Government give Mr. Maldonado time credit For being in There custody, So we dont have to give Mr Maldonado time credit under The Federal Detention order, and yet This Reasoning contradict's BoP own Internal Guideline, under criminal Law § 84-Credit For presentence time Served- Official detention — (NOTE: under The court Detention order Mr. Maldonado was in Official detention - where he earned presentence time credit under The court ordered Detention,"Official Detention under 18 USCS § 3585 Read in Connection with The Bail Reform Act, because the court Placed more presentence Restraint's on Mr Maldonado's/ Defendant's liberty, BoP must Read The Bail Reform Act (1) Construing § 3585(b) in Connection with The Bail Reform Act as Congress Say's It must... And under § 3585(1)(b) in Connection with The Bail Reform Act we come to § 3585(1)(b)(2)(b)(3)(b)(4)(5) (5) Is... A Bureau of Prisons Internal guideline requires credit ~~xxxxxxxxxx~~ — For time Spent under A Detention order, From 6/6/18 Due to A court order of Detention Mr. Maldonado was under a court order of Detention Remanded to The Attorney General, and 24/7 control of B.O.P. The moment The Court issued The Detention order The Defendant was Just Borrowed And, being Borrowed stop After The issue of court order Detention

13   When The Federal court issued The Detention order in Remanded Mr Maldonado to The Attorney General, The Detention order weather The court Noticed it or Not, being issue or court order Detention Was created," The Dual primary custody Doctrine," A person That exist inmate and Defendant in state and Federal Jurisdiction At The same time, The Example of This is like A person Being in A car and Driving on The Highway At The same time, it's Real and so is Existing In Dual primary custody, when A Federal court issue's A court order of Detention While A Defendant is Also A state inmate. § 3585(8) Also Allows BoP to Adopt An Alternative construction Allowing credit where a defendant

7

14) — Is subject to Jail-type confinement, § 3585(b) - Read in conjunction with criminal Law § 84, leads to the conclusion that a defendant suffers" Detention" only when committed to the custody of the Attorney General, MR. Maldonado was committed to the custody of the Attorney General on 6/6/14 thru a court ordered Detention, suffered Detention in the custody of the Attorney General from 6/1/14 to 12/15/19 was not credit this time of 14 months, and then was fully committed After Sentence, MR. Maldonado suffered Detention thru court order Detention, Not thru a writ.

15) If you are in Joint custody Between two Governments as MR. Maldonado was, and The State allows The Government to Borrow him to charge him with a crime, The State prison still must provide him with prison time credit under State Jurisdiction, B.O.P. has nothing to do with this, Federal credit time and State credit time opperate under Their own power's, and No matter MR. Maldonado Location The State would have provided All credit minus his good time — The issue is All time MR. Maldonado Spent under A Federal Detention order must be credit to his present Sentence.

16) B.O.P cannot apply MR. Maldonado's Federal pre sentence Detention time to his State Sentence, That's not how Jurisdiction of custody works, each Government has Their own Responsibility to provide prison and presentence credit to persons in Their custody, and when The order of court order of Detention issued on 6/6/18 Remanding MR. Maldonado in to The custody of The Attorney General it created the Dual or Joint primary custody Doctrine, Allowing A person to Exist At The same time in both Jurisdictional custody Doctrine when The court ordered Detention. A writ of habeas corpus Ad prosequendum Does no change custody Status, but a Court order of Detention Does, and MR. Maldonado was prejudice by B.O.P. when it Denied him credit under The court Detention order from 6/6/14 to 12/15/19, Being Remanded to The Attorney General under A court order of issued Detention Require pre-sentence time credit, B.O.P.'s own Internal guideline Require's credit under A Detention order §3585(5)

# Joint Jurisdiction

### Example

## The Dual Primary Custody Doctrine Is Real

**H)**

Between 2016 till 2018/6/6
under A state term and sentence ——> untill 6/6/18
The state maintain Sol-Jurisdiction

| | 2016-2017 | 2018 | 2019 |
|---|---|---|---|
| State line | | 6/6/18 | • State term Ends |
| State sentence | | { Joint Jurisdictional }<br>{ Custody take's phy'# } | |
| | | | • Feds/BOP have sol-custody |
| Federal line | 2018 | 2018 | 2019—present |
| and sentence | | Between 2018-6/6 | But always had custody |
| | | The Federal Gov-Awd | thru court Detention |
| | | B.O.P. maintained | order Remanding |
| | | Custody over The court | Defendant to the custody |
| | | ordered Detention order | of The Attorney General |

*(left margin vertical note:* Remanding A Defendant to The custody of The Attorney General thru A court Detention order while in state custody Remands or not Creates A dual custody Primary Doctrine *)*

Federal court issues order, A court order of Detention, terminates The writ, A writ brings a body from one place to Another thats this writs only Reason it exist only to move ~~the~~ A person from one place to Another; The writs power Ends once A court issues A Detention order Remanding The Defendant in to The custody of The attorney ~~general~~ General and subject him to BOP control 24/7 ~~365~~ days a year to present, which is Exactly what happen in The maldonado case.

The State Government thru state prison jurisdiction issued State credit The time MR. maldonado was under The term of The state sentence imposed on him thru A state court. And thru The court order of Detention The B.O.P. was and still is Required to issue All presentence time from 6/6/18 to present thru The court ordered Detention. Any time spent under Federal presentence detention thru issued Federal court order must be Awarded. The time in, and under The Remand order on 6/6/18 must be credited. When The court issued The order of Detention on 6/6/18 and Remanded MR. maldonado, He Remanded him to The custody of The Attorney General, and in doing so The court created ~~the~~ A Dual, Joint, Primary Custody doctrine Just like A marriage on 6/6/18, The state, MR. maldonado, and B.O.P. became one, creating The Dual Primary Custody Doctrine, where an inmate and A Defendant fully

-www.freeprintablepaper.com

9

18) The B.O.P. (INTERPRETATIO VAFER) Does Not Fulling
OR meaningfully Address the issues That are being Argued in this
case in Ref to 3585(b), Any time, Any inmate Files a complaint
About missing to Related to the Facts in this case, it, the BOP issue
the Reply 18, United States code. 3585(b) "States a defendant shall
be given credit toward the service of a term of imprisonment for
Any time spent in official detention ..... that has not be credited
Against Another sentence — This does not explain Any thing — because
the BOP cannot credit, pre-sentence time spent in official detention
under a Federal court order, which place's a Defendant in there custody
to A state sentence that has already been credited to an inmates sentence
Not in there full custody.

19) In this case the state already credit MR Maldonado with his time credit
while he was in Federal custody, State time credit, has nothing to do with
Federal time credit. State time credit is for time inmate's only, Its the
States Job to apply this credit to the imposed sentence by the state court.
and thats what the state did while MR maldonado was in federal custody.
that state actions, Does not bypass the Federal Gov Job to Award
pre-sentence credit for those in there custody.

20) It should also be noted B.O.P. His not Addressing the whole 3585(b)
issue, B.O.P. is missing the part, That MR Maldonado was not Just
Borrowed From the state Anymore, as addressed, Borrowed time
existed only when MR maldonado was picked up from state prison, and
moved From that prison to a Detention center for two weeks About
then to Bater county Detention center on 6/6/18 on this same day, the
court order MR Maldonado in to custody of the Attorney General
under a Remand order that place's a Defendant in official detention
MR maldonado At this point is No longer Borrowed, he is in Joint
primary Jurisdiction of Both state and Federal Government, and
And time spent in Federal custody was not credited to Another
sentence, it was never credited At All Between 6/6/18 12/14/19, the state
credited MR maldonado with the term he was in there care, but the B.O.P. Did Not

10

20) All B.O.P. did was make a claim your time was credited to another Sentence. (How is the question) B.O.P. Cannot credit MR. maldanado pre-sentence time in their care under a Detention order to a state Sentence. This is not legal and it would Violate Due process and Subject MR. maldonado to doing the same federal custody time twice (D.J.).

21) two Branch's of Government, Responsible for issue's Jail, prison time credit for Inmates and Defendants under there own care, Not each others. BoP must apple the missing time credit from 6/6/18 to 12/14/19, while he was order a court Detention order place on him. by A Federal court — Removing him in to the custody, and control of the B.O.P. 24/7, 365 Day to present. MR. maldonado was Never Returned to state custody.

22) In this type of case before the court B.O.P. must use Criminal Law § 84 - Credit for presentence time spent—Served—official detention Bail Reform Act 1984, 18 USCS § 3142(C) Construing § 3585(b) In Conjunction, As Congress said it must, "why because congress said the bail Reform Act is a body of Law, that Authorizes federal courts to place presentence Restraints on A defendants liberty, and on 6/6/18 was denied Release back in to state custody, the additional presentence Restraints placed on MR. maldonado liberty. Thru issued court order of Detention cause prejudice, because he was denied good time earn Release from the state prison, and Now MR. maldonado is being prejudiced by B.O.P. Denying him 18 to 20 months federal pre-sentence, official detention time spent under a court Detention order, that BOP own Internal guideline mear Requires, the same memo writer In with criminal Law 84 - Credit for presentence time served - official Detention, As congress state's it "under 18 uscs § 3585 sub (1) Construing § 3585(b) In conjunction with The Bail Reform Act-As must be done because the Bail Form act is a body of Law that Authorizes federal courts to place presentence restraints on defendants liberty, As the court did on 6/6/18, Doesn't matter if he, MR. maldonado was in state custody, the additional Restraints—

11

— where placed ~~by~~ activating the provisions in Criminal Law §4 —
23) which provided BoP Additional ways to issue MR maldenado
The missing credit he seeks thru 18 USCS § 3585(b)
Read In Conjunction with The Bail Reform Act, @ (1) Construing
§ 3585(b) which States § 3585(b)— leads to The conclusion That
A defendant suffers "detention only when committed to The
custody of The Attorney General, MR. maldonado was committed
and Remanded under a Detention order on 6/6/18 to the (A.G.)
at this point MR maldonado is No longer borrowed he was Remanded
to The (A.G) and subjected to The Control of The B.O.P. 24/7 to
present, § 3585(b)(5) States a Bureau of prisons Internal guideline
requires credit for time under a detention order, MR maldonado was
under a Detention order within The meaning of The provision, There
Is No Double credit mention here — because There No Double credit Issue
Related to a Detention order — This has nothing to do with a writ — The
writs power ended with The issue of The ~~a~~ court order of
Detention Remanding MR. maldonado In to The control of The B.O.P.
and custody of The (A.G.), This is The Issue of Law being Addressed.

24) The Bail Reform Act Read In Conjunction with § 3585(b) — (1) Construing
§ 3585(b) For time spent in "official detention" is available only to Those
defendants who were detained in a penal or correctional Facility and
where Subject to The control of The Bureau of prisons, MR.
Maldonado was in official detention thru issued court order of
Detention 6/6/18 and was subjected to The control of The B.O.P.
From 6/6/18 to present, The provisions provided by congress Allows
The B.O.B. to Issue All missing credit (Forthwith).

12

## "Another Example"

25) IN REF to B.O.P. use and IN-correct INterpretation of 3585(b) with out Reading the Bail Reform Act IN Conjuction with it As congress said it must, Any time the Court Remands A person IN to the custody of the (A.G.) Thru A court order of Detention, it Activates the provisions IN criminal LAW 84-Credit presentence time Served - Official Detention 18 USCS § 3142(c) is a part of this provision and so is 3585(b) and A writ only changes A persons Location - and A Defendent is not Allowed credit under it, But is allowed credit under the Detention order as addressed earlier.

26) And if Petitioner was only writed over and Return to State custody there would be No grounds to stand on IN this Argument BOP is over looking the fact the court did Not Return petitioner IN to the custody of the State, and once petitioner was ordered Remanded to the (A.G.) the writs power Ended placeing petitioner IN Both Governments, State and Federal Sovereign Jurisdiction At the same time and these are the particular, stretch, Just like or other Scenarios IN the Kayfez and willis Rule where A Narrow set of circumstances where the petitioner can receive credit from both sovereign's, BOP time Calculation dont complie with the order of court Detention, Nor is it calculated under 18 USCS § 3142(c) Read in conjuction with 3585(b) as congress said it must. These are Not Just Narrow circumstances as in the Kayfez and willis Decision, petitioner is Not Arguing credit under the writ - the writs power Ends, when ~~○○○~~ A Federal court under it's Jurisdiction issues A Remand order, ordering the Official detention of A Defendant IN to the custody and control of the (A.G.) and B.O.P. as is what happen here. Criminal LAW § 84 - and the Bail Reform Act § 3142(c) construing § 3585(b) would have Allowed (BOP) to credit All the pre sentence time spent under the Detention order issued on 6/6/18, but B.O.P. Did what "they Always do" "oh you was on A writ so your time dont counts But that time counts under A court order of Detention and these are the ——

13

27) Facts BOP Did Not include when it did The time Calculations For petitioner's Release date. The Bail Reform Act is what Allows any federal court to place presentence Restraints on A defendant As is what happen to petitioner ON 6/6/18 when The court issued The court order OF Detention Remanding petitioner in to The custody OF The Attorney General. The provision OF Criminal Law 84 — Credit for presentence time served — official detention must be Used.

28) Petition WAS A federal criminal defendant who — pursuant to A provision OF The Bail Reform Act OF 1984 18 USCS § 3142(C), WAS Remanded to The custody OF The (A.G.) The bail Reform act is what Allows federal courts to place presentence restraints on a defendant's liberty, and when The court issued The Detention order on 6/6/18 it placed more Restraints on Petitioner's liberty, Therefore The provisions of The Bail Reform act Allowed The court to Remand petitioner.

29) And B.O.P. under These provisions and circumstances must Use criminal Law 84 ... 18 USCS § 3142(C) IN conjunction with 3585(b)(1)(2)(3)(4)(5)(6). This will Allow B.O.P. to Issue All pre-sentence creder under A court order — The writ has Nothing to do with This or These provisions.

18 USCS § 3568    14
47 ALR FED 755

30) Dentention time cannot be credited to A State Sentence who's term has Already taking place by the close of A State case, Dentention and custody are not the Same, custody menn A Setence term has began, And its That Jurisdictions Job to Apply its own credit, The Fed cant take Federal detention time and Apply it to A State Sentence, That Detention time is only for A Future Fed/sentence

31) There is Also Some Authority That a defendant is entitled to credit For time served in state custody once a Federal Detainer has been lodged, The state confinement must be The product of action by Federal law enforcement officials (as it was in Mr. Maldonados case) U.S. V Garcia-Gutierrez 835 F2d 585, 586 (5th Cir 1988) U.S. v. Harris, 876 F2d 1502, 1506 (11 M Cir 1989), [493 US 1005 ] 107 L Ed 2d 563, 110 S.ct 569 1989), The Federal Detainer was issued before Mr Maldonad was Sentence In his State case Therefore he would have been Denied Bail by The state court, That makes The federal detainer The Exclusive Reason A prisoner in State custody has not, or could not be Released on bail. U.S. V. Blankenship, 733 F.2d 433 434, (6th Cir 1984)," Brief For AppEllee In NO, 89-6583. pp 14-15,

32) There are other ways this missing pre-sentence time and official detention Mr. Maldonado suffered under A court order issued on 6/6/18.

Requested Custody and pre-sentence time from
4/28/18    to   12/14/19

33)
28)

The petitioner points out A very good question of Law and policy that needs to be Addressed, BOP's decision to use effective Full term for purposes of implementing § 3585(b) without Reading the Bail Reform Act in Conjunction with it as congress said it must Along with the U.S. Supreme court Criminal Law §84- credit-for-pre-sentence time served, was a policy Adopted for Administrative convenience, Not because it was Law, And if BOP Adopted 3585(b) for Administrative convenience (606 Fed. Appx.662 opinion: VANASKIE, Circuit Judge.), Then BOP can Also Adopte Criminal Law §84- credit for presentence time Served-official-Detention under 18 U.S.C.S § 3585(b)(1)(2)(3)(4)(5)(8) Construing it, in Conjunction with the Bail Reform act As must be done because its a body of Law That Authorize's federal courts to place pre-sentence restraints on a defendants liberty, As the court did when it issued the Detainer 4/28/18, and court Remand Detention order, that Remanded MR. Maldonado to the custody of The Attorney General, and control of the B.O.P. 24/7. This was the ~~court~~ view of the U.S. Supreme court decision-in- 115 SCT 2021, 132 LED2D 46, 515 US 50 Reno v. Hoay, No. 94-790.

29)
31)

The BOP Adopted 3585(b) for Administrative convenience, and it would Also be Reasonable for BOP to Adopte the Bail Reform act Read in Conjunction As the Above Requested to Also Avoid the complexities and details of Rules Which very from State to State Just like in the Willis and Hayter Rule, even if there is No concurrent Sentence's Scenarios 3585(b)(5)(8) or 3585(5)(8) or 18 USCS§ 3585(b)(1)(2)(3)(4)(5)(8) Read in conjunction would Allow the BOP to Honor the Request, Custody and presentence Jail time Detention credit From 4/28/18 to 12/14/19 without Any Double credit issue's, The use of Criminal Law §84, provides B.O.P. Away to issue there Jurisdictional credit without issue, either thru A court order or BOP's Adoption, its Reasonable the Petitioner MR. Maldonado ~~does~~ not have to do the same prison time twice, But its

## Construction of Statute (6)

**3g)** An Administrative Agency's [BOP] internal guideline Interpreting A statute which the the Agency is charged with Administering—is entitled to Some Judicial Deference where the guideline is A permissible construction of statute. BOP Can Apply and Adopt the Use of Criminal Law 84-Presentence time Served Read in Conjunction with 3585(b)(2)(3)(4)(5)(8) to Apply All Requested pre-trial Custody without calling it A Double Credit. This is A permissible construction of the statute, See 115 Sct 2021, 132 LED2D 46, 515 US So. Reno V. Koray, Congress enacted the Bail Reform Act in the Same Statute As § 3585(b, So that the other sections could be Applied, In A Case where A Inmate/ pre-sentence Detenee in Joint custody can be applied credit where one statut may not allow the other will § 3585(b)(1)(2)(3)(4)(5)(8) criminal Law 84— Presentence time Served, these Allows BOP to Award credit while A defudnt Is In Dual Custody, the State awards there presenteam credit — And the BOP Awards credit to the Requested time with out Issue, Under § 3585(5)(8) The Issue is Remedied.

**(36)** **51)** BOP can Also Award All of Mr. MdIdondo pre-sentence time, For time Served of the Issue of Arrest, If it can be done from pre-senteree Detention, then it can be issued from time of Arrest which is Alturnative time credit, The A.G. has the power to do this, And it lies Solely with him or her and the BOP, U.S. V. Gibbs 626 F.3d 344, 2010 Fed App 0361P (6th cir 2010), 2010. App, AFTER Remand, 461 Fed. Appx 419, 2012 FED App. 0138N (6th cir 2012). Under 18 USCS § 3585(b) Read in conjuct with the Bail Reform Act criminal Law 84-presentence time Served ew 3585(b)(3)(4)(5)(8) to provide the credit petitioner seeks. From 4/28/18 Detainee arrest unmad, or from 6/6/18 to 12/14/19 cant order Detention Remanded to the A.G. and Subjected to BOP control 24/7 to present, No will be improperly Awarded under 3585(b) if ☉ Criminal Law 84 is used As an Alturnative to Apply missing Jail type Confinement credit, 18 USCS § 3368, 115 Sct 2021, 132, LED2r 46, 515 US So Reno V. Koray,

37) That has Not been credited Against Another Sentence

Is only use in the Calculation of A term of Imprisonment §3585 the BOP uses to Deny credit, ~~because~~ the B.O.P. is Not useing the Provision's provided in the Bail Reform Act, as Required by congress, in A case like MR. Maldonado, MR. Maldonado's pre-sentence Federal time under A court Detention order which changes custody, from 6/6/18 to 12/15/19 was Not credited to his state Sentence, so where did it go" The state provided credit to the term petitioner was in Three custody and he was Fully Released on 12/15/19. The Federal Government/B.O.P.(provided No presentence credit, No Detention Credit, in official detention, The state provided MR. Maldonado credit under Three term Of Jurisdiction, not The B.O.P., when A state government provides Credit to A person in Three custody, while A Defendant is in Federal custody That Does not give B.O.P. The Legal Right to claim A person's Sentence was Credited Against another, There is no proof Of This, and A Defendant's presentence

38) time in Official detention under A Federal court order Remanding A Defendant to The Custody Of The (A.G) Can't Not be credited to an inmate prisonterm Already opposed by A state Jurisdiction....

Federal presentence time is to be Applied to A person Remanded to The (A.G) Not to A state inmate whos term has began under Another Jurisdiction The provision OF Criminal Law §84 - credit For presentence time served-

39) Official Detention clearly Explain What The B.O.P. did not do when the calculation of The term OF Imprisonment stated in B.O.P. Custody, §3585(b) must be Read in Conjunction with The Bail Reform Act, once The court issued The court order Of Detention on 6/6/18 The provision OF The Bail Reform Act took place, because The Bail Reform Act Allows Federal courts to place presentence Restraints on A defendants liberty, and thats Exactly what the court did when it Remanded MR maldonado in to the custody Of The (A.G) Therefore BOP must As ~~Say~~ Congress say (I) construing §3585(b) in conjunction with 18 USCS 3142(c) will provide BOP extra provisions to Allow credit, The missing credit MR Maldonado Seeks—Criminal Law 84-credit For presentence time Served- Official detention 3142(c) construing §3585(b)(2)(3)(4)(5)(b), BOP can Fix The issue 115 SCT 2021, 132 LED2D 46, 515 US RENO v KORAY Headnotes

115 SCT 2021, 132 LED2D 46, 515 US 50 Reno V. Koray

[No. 94-790]

Classified to U.S. Supreme Court Digest, Lawyers' Edition

**Criminal Law § 84 - credit for presentence time served - official detention - confinement in community treatment center.**

1a, 1b, 1c, 1d, 1e, 1f, 1g. A federal criminal defendant who-pursuant to a provision of the Bail Reform Act of 1984, 18 USCS § 3142(c)-is released on bail to await sentence but is ordered confined to a community treatment center, or "halfway house," is not in "official detention" under 18 USCS § 3585 (b) and, therefore, is not entitled to credit under that provision against his eventual prison sentence for the time spent in the treatment center, because (1) construing § 3585(b) in conjunction with the Bail Reform Act-as must be done because the Bail Reform Act is the body of law that authorizes federal courts to place presentence restraints on a defendant's liberty, and because the Bail Reform Act was enacted in the same statute as § 3585(b)-leads to the conclusion that a defendant suffers "detention" only when committed to the custody of the Attorney General, while a defendant admitted to bail on restrictive conditions is "released," (2) other related sentencing provisions confirm the interpretation that credit under § 3585(b) for time spent in "official detention" is available only to those defendants who were detained in a penal or correctional facility and were subject to the control of the Bureau of Prisons, (3) the context of § 3585(b) strongly suggests that the period of presentence detention must be equivalent to the imprisonment itself, (4) nothing suggests that Congress, when it reworded the credit statute, replacing the term "custody" with "official detention," disagreed with the prior rule of Federal Courts of Appeals that denied credit to defendants who had been released on bail, (5) a Bureau of Prisons internal guideline requires credit for time spent under a detention order, but not for time spent under a release order, (6) a reading of § 3585(b) under which the phrase "official detention" would include the restrictive conditions of confinement to a community treatment center is not the only plausible interpretation of the language, (7) the fact that a defendant "released" to a community-treatment center may be subject to restraints which do not materially differ from those imposed on a "detained" defendant committed to the custody of the Attorney General and then assigned to a treatment center does not undercut the distinction that, unlike defendants released on bail, defendants who are detained always remain subject to the control of the Bureau of Prisons, and (8) to adopt an alternative construction allowing credit where a defendant is subject to "jail-type confinement" would require a fact-intensive inquiry into the circumstances of confinement, while the construction that confinement to a treatment center is not "detention" provides both the government and defendants with clear notice of the consequences of a Bail Reform Act "release" or "detention" order.  (Stevens, J., dissented from this holding.)

A defendant is not Deemed in Federal custody For sentence crediting purposes Simply because, defendant was produced by the state And Appeared in Federal court pursuant to A Writ of habeas corpus Ad prosequendum, but A Defendant is indeed Deemed in Federal custody once a federal court issues A Federal court order of Federal Detention Remanding the Defendant to the Custody of the Attorney General and subjects him to 24/7 BoP control within the meaning of the above cited case Law.

# Writ  VS  Detention order
## Another View point OF Arguement

40) A writ Does Not change primary custody when borrowing An Inmate from a state prison, but A court order, A federal court order OF Detention, issued by A federal court Remanding MR. MALDONADO in to the custody OF The Attorney General Does in "Facts" change primary custody. Therefore Mr. Maldonado federal preSEntence time spent under The court order of Detention even if he was in state custody must be credited as a matter of Law [3] Footnote

44) ONce the federal court issued An order OF detention Remanding Petitioner to the Attorney General, place's preSEntence Restraints on Defendant, his pre-sentence - official Detention fell under the provisions OF Criminal Law §84 - credit for presentence time served - office Detention. under this provision MR Maldondo, under the Bail Reform act was ordered CONfined thru a court order of Detention, the Bail Reform act allows federal courts to place Restraints, Restraints where placed on Petitioner and he was Remanded to the (A.G.) while on a writ, and The Detention court order place's petitioner in primary joint custody, And under 18 USCS § 3585(b) The Bail Reform act must be Read - Construing § 3585(b) in conjunction with the Bail Reform act - As - must be done cause it is a body OF Law that allows federal courts to place Restraints on a Defendants Liberty, as is what happen in this case, ~~see~~ See 115 SCt 2021, 132 LED2d 46, 515 US 50 Reno v Koray No. 94-790.

[CONflict OF LAW]

42) A federal Detention order places Petitioner in the custody of The Attorney General (A.G.) Therefore the Bureau of Prisons is allowed to do all time calculation's governed by § 3585b Read in conjunction with The Bail Reform act as congress said it must, B.O.P Reply Doesn't Address the issues Mr. Maldonado puts forth, and is an B.O.P.'s ( Interpretatio VAfER) because this is how B.O.P. Addresses 80% of all claim's Related to missing Jail time credit.

Footnote: 3) Criminal Law 84-credit for presentence time served - official detention Bail Reform Act of 1984 U.S.C.S § 3142(e) construing § 3585(h) in conjunction with cause congress said it must be done.

MEMORANDUM OF LAW

20

43) The issue in This case, is not being denied credit under A Writ of habeas corpus Ad prosequendum, because A defendant is Not Deemed in Federal custody for sentence crediting purposes Simply because A defendant was produced by the state and Appeared in Federal court pursuant to A writ, but is indeed Deemed in Federal custody once A Federal court issues A lawful Federal court order of Detention Remanding the Defendant to the custody of the Attorney General. A Federal Detention order place's, petitioner Also in the custody of the B.O.P. while he is still in state custody. The state had primary custody only up to [   ] When The Federal Detention order was issued, Defendant was in Joint Dual Primary Custody of both Federal and state Government Jurisdictions.

44) Once the Federal court Remanded MR. Maldonado to the (A.G.) It Activated the provision's of the Bail Reform Act, because the bail Reform Act is a body of Law, and Allais courts to place pre-sentence restraints on A defendant, as it did when the Federal court Remanded The Defendant to the custody of the (A.G.). The bail Form Act Allows and Authorizes the Federal court to place restraints on defendants liberty. There fore B.O.P. must Read 18 USCS § 3142(c) in conjunction with USCS § 3585(b).

45) Classified to U.S. Supreme Court Digest, Lawyers Edition Criminal Law § 84 - credit for presentence time served - official Detention, Mr. Maldonado was in official Detention within the meaning of the statute once it issued the Federal Detention order Remanding him in to the custody of the (A.G.) And under the following provision provided by Congress, the B.O.P. Can credit Him with All missing credit, because he was Subjected to A provision of the Bail Reform Act

46) Mr. Maldonado A Federal Defendant who- pursuant to A provision of the Bail Reform Act, 18 USCS § 3142(c)

c) Reform Act

21

47) was ordered Confined "within the meaning of official detention" Therefore under 18 USCS § 3585(b) is entitled to all detention time spent under a federal Detention order, even if it was issued while in state custody, as Congress Said" (1) Construing § 3585(b) IN conjunction with the Bail Reform act - As must be done because the bail Reform act is a body of Law:

48) That Authorizes Federal courts to place preservative restraints on a defendants liberty, and because the bail Reform act was enacted In the same statute as § 3585(b) [This is the part B.O.P. missed when they did the incorrect calculation based on the writ and "Not the court order of Detention Remanding the Defendant In to the custody of the (A.G.)" the statute goes on to State — § 3585(b) - leads to the conclusion that a defendant suffers "detention" only when committed to the custody of the (A.G.) As addressed Defendant was committed to the custody of the Attorney General (A.G.) when the court issued the Detention order., there's no mention of Double credit, and this provision provides a way.[1])

49) § 3585(b)(2) states other Related sentencing provisions confirm the Interpretation that credit under § 3585(b) for time spent in" Official detention" is available only to those defendants who were detained in a penal or correctional facility, and were subject to the control of the Bureau of Prisons, Petitioner was indeed In official detention when he was Remanded to the custody of the (A.G.)

50) Petitioner was detained in a penal or correction Facility thru the Court Issued Detention and Subjected to the control of the B.O.P. At all times Related to this claim, Petitioner was also in Custody, meaning Official detention At all times Related to this claim, before this court.

[1]) Footnote; D) For-Petitioner to get credit from both Government

22

**51)** Congress goes on to state § 3585(b)(3) The context of § 3585(b) Strongly Suggest that the period of presentence detention must be equivalent to the prisonment itself, and in petitioners case it was.

**52)** § 3585(b)(4) Nothing suggest that congress, when it rewarded the credit statute, replacing the term "custody" with official "detention" disagreed with the prior rule of the Federal courts of Appeals. That denied credit to defendants who were released on Bail. Petitioner was not released on bail he was in official detention when he was Remanded to the (A.G.). See if defendant was in primary state care when he was writed over, he also became thru the court issued Federal Detention committed to the Attorney General in "official detention" thru court ordered Remand, Therefore petitioner must be given all presentence time spent under an official order of Detention.

**53)** The statute Goes on to state § 3585(b)(5) A Bureau of Prisons internal guideline requires credit for time spent under A detention order, petitioner was under a Detention order and yet when the B.O.P. Ran it's calculations governed by 3585(b) It Left out the above statute allowing time credit spent under A court order of Detention, This provision provides along with the others cited Away where petitioner can be credit the Requested missing time. Just like the Wayfer and Willis Rule in BOP program statement 5880.28 provides That A Federal prisoner can receive credit from both Sovereigns Governments for A particular stretch of Incarceration under a Narrow set of circumstances. The same applies to petitioner in this case as well. 18 USCS § 3142(C) Construing § 3585(b) in Conjunction applies here – If there "where any Double credit issue here only in this statute congress would have said it here" only, not the why B.O.P. Uses 3585(b) without 3142(C),

23

54) ~~XX~~ B.O.P. decision to use effective full terms for the purposes of Implementing § 3585(b) was a policy Adopted for Administrative convenience, but that doesn't make it Right, it would have been more Reasonable to Adopt Criminal Law · 84 - presentence time served as cited in this argument because this would fully cover All similar cases as the one before this court. This Adoption would cover All complexities and details of rules which very from state to state, Just like in the Wayter decision, the United state court of appeals for the Seventh Circuit expressly concluded that the B.O.P's Exclusive reliance on the Full term is Reasonable, maybe At the time it was, but with all the issues of the Federal courts issuing ~~XXXXXX~~ writs for the Government to bring Defendants in to Federal custody while on a state sentence causes more harm then good, because a Defendant suffers the lost of time, and the B.O.P makes him do the time twice and this is An-un-seen Violation of Double Jeopardy, its Not FAIR and it's un-constitutional wrong, because being in custody under Both Governments, would Apply common Reason, when A defendant is in custody of both Governments at the same time he Recieves credit from both.

55) ~~XX~~ The statute Goes on to state § 3585(b)(6) A Reading of § 3585(b) under which the phrase "Official detention" would include the restrictive conditions ⚫⚫⚫ ⊕ ⚫⚫⚫, defendants who are "detained" Always remain subject to the control of the Bureau of Prisons, Petitioner Remained subject to the control of the B.O.P. when the Court Remanded him to the (A.G.), and § 3585(b)(8) Allows B.O.P. to Adopt An Alternative Construction Allowing Credit where a defendant is subjected to "JAIL-type confinement," the Alternative of § 3585(b) is the statute of Criminal law 84- 3142(e) with § 3585(b)

56) ~~XX~~ Petitioner was subjected to JAIL-type confinement when he was writed over and when the court Remanded him in the Attorney General's custody - OFFICIAL Detention, therefore he must be giving All Pre-Sentence time served under the court order of Detention,

See 115 SCT 2021 132 LED2D H6 515 US FD Reno V. KORAYENG AV 7867

24

57) There is also another issue the Petitioner would like the Court to address.

58) There is another provision where petitioner can also be allowed to be credited, and thats thru- the issued Federal detainer. once the federal government issued the detainer warrant upon the Petitioner that placed him in federal custody. this is time spent in custody with the Federal offence. 18 U.S.C.A. § 3568, the detainer was issued upon Authority of the defendants Federal conviction and sentence", 425 F.2d at 240, therefore the petitioner is also entitled to all custody credit and time spent in Federal custody.

59) Writ or no writ the Petitioner spent month's "thathe was not credited" FoR, in the custody - official detention § 3142(C) § 3585(b)(4) criminal Law § 84 - official detention, and the detention in connection with the offense or acts for which petitioners sentence was imposed. 18 U.S.C.S. § 3568, and was not credited under the detainer, after Also being Remanded to the custody of the (A.G.).

60) The Federal Detainer Also falls under a connection of time - pre-sentence time spent in official detention - Federal Custody, because of the Federal offence committed, under 18 U.S.C. 3568, (1970 U.S. App - LEXIS 4). once a detainer is lodged against a defendant that is time spent in custody. there is no double credit issue.

Fundamental Fairness (2000 U.S. Dist. LExis ii)
61) other Issues that Also need to be addressed, in General, The B.O.P. is "ordinarily not required to give credit toward a Federal Sentence for time spent by a prisoner serving a sentence imposed by Another Jurisdiction for an unrelated offense. Shaw V. Smith, 680 F.2d 1104,

1106 (5th cir, 1982) citing willis v united states, 438 F.2d

25



62) — 62) 923, 925 (5ᵗʰ Cir 1971). However, case law has established the following exception to this basic Rule.

63) 63) time spent in state custody, even if an unrelated offense, must be credited toward time served on a federal sentence, if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one and that is also what happen in the petitioners cause before this court in connection with all the other claims made before this court.

64) 64) if for example a state defendant is denied bail solely because of a Federal Detainer issued against him (as did happen in this case), the time spent in (137 F. Supp. 2d 275) state custody awaiting trial on federal charges (is exactly what happen to petitioner), must be credited to his federal sentence, (680 F.2d at 1106, internal quotation marks and citation's omitted). See also DAVIS V Attorney General, 425 F.2d 238, 240 (5ᵗʰ Cir 1970) (if Appellant was denied Release, (2000 U.S. Dist. LEXis 12) OR bail because of the Federal detainer then thats time "spent in connection with the federal offense.

65) 65) Since the detainer was issued upon Federal Authority, petitioner is entitled to the jail-time credit he is claiming, Brown V United States, 489 F.2d 1036, 1037 (8ᵗʰ Cir 1974) (per curiam).

66) 66) Petitioner also asks the court to recognize the authority of Davis', United States V Blankenship, 733 F.2d 433, 434 (6ᵗʰ Cir 1984).

67) The evolved legal precedent Also teaches That credit Against A Federal Sentence Attaches only when the Federal detainer, is The Reason the prisoners failure to obtain his release of termination of his state sentence[D], As in This case when the state turned over the petitioner to Federal officials, he was not Release because There was restraints placed on his liberty, see peterson V. New York state-Dept of corr, servs, 100 A.D. 2d, 73, 473 N.Y.S 2d 473, 476 (2d Dept. 1984) (Inter per pereting 18 U.S.C. § 3568 to mean That credit be given if a state Defendant is denied Release of the Result of A Federal detainer.

68) Although These cases Interpreted 18 U.S.C § 3568 in the Context of Federal detainers, the underlying Principle is Applicable here, if absent the federal-Action-- here a writ (2000) U.S. Dist. LExis 13) of habeas corpus ad prosequendum the petitioner would have been released under Available state procedures, then credit toward his Federal Detainer and Sentence must be given, the missing credit is in connection with A Federal offense, that was issued upon the Authority of Federal officers which incurred A conviction and Sentence" 425 F.2d At 240.

69) Petitioner is also entitled under criminal Law 84-Credit For presentence time Served-official detention 18 USCS § 3142(c) Construing § 3585(b) because 3585(b) was enacted in The Same statute. with the provided provision's, B.O.P. did Not use in it's Release date calculations For petitioner, 115 ScT. 2081, 132 LED2D 46, 515 US 50 Reno V KoRay NO.: 94-790], And under Federal Custody in connection with the Detainer warrant 18 U.S.C.A. 3568. the Request is Fair and to Deny it would cause A serious Injustice, and Subject the petitioner to doing the same Federal time twice Violating Due process and Double Jeopardy Clause,

D) There was no Xeady Release petitioner but to do the Full term, and was also Denied Release to New york city because of the federal Detainer-This was one Judicial and cause more harm.

27

# Conclusion

Mr. Maldonado Request This Honorable court Address this matter as the court did in the Kayfer decision, and willis Rule before This court Petitioner Also provides A Narrow or more set of Circumstances that would allow the court or B.O.P., to provide a way where he receives credit From Both Sovereign Governments under the provided provisions cited in this case

And to Award the Request credit, Mr Maldonado has Family members in bad health that need his help, and Awarding Mr. Maldonado the Request time would cause no harm to the B.O.P. or Justice System and to deny it would be an Injustice

The Petitioner Respectful Request the court to Grant the writ and order BoP to Award all missing time-Detention-credit under federal court order from the point of the issued Detainer or From the point when petitioner was Remanded to the custody of the Attorney General.

CERTIFICATE OF SERVICE

I hereby Certify that on 8/25/22 I provided A true copy of the foregoing In the hands of B.O.P. Staff, Via postal Service to the U.S. District Court, court of clerk, Cooper Street Room 1050, Camden N.J. 08101

Respectful Submitted,

Reg # 70478-018
F.C.I. Fairton
P.O. Box 420
Fairton N.J. 08320

8/25/22

Attention court

of clerk, please

Send a, curtesy

copy of the court

dockit sheet in this case

Thank you

*signature*                    8/25/22

Samuel Maldonado
Reg # 70478-018
F.C.I Fairton
P.O Box 420
Fairton N.J. 08320

From: Mr. Samuel Marinaccio
Reg #70478-018 F.C.I. Fairton
PO Box 420
Fairton N.J. 08320

FOREVER / USA

AUG 3 1 2022

AT 8:30
WILLIAM T. WALSH
CLERK

RECEIVED

To: Clerk of Court
    United States Courthouse
    400 Cooper Street, Room 1050
    Camden N.J. 08102-1570

Court motion
Enclosed

8/25/22