**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL MALDONADO,<br><br>    Petitioner,<br><br>  v.<br><br>S. MERENDINO,<br><br>    Respondent. | Civil Action No. 22-4874 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on the habeas petition filed by Petitioner Samuel Maldonado pursuant to 28 U.S.C. § 2241 (ECF No. 1). Simply stated, Petitioner, who is proceeding *pro se*, seeks to challenge his sentence calculation. Following an order to answer, the Government filed a response to the petition (ECF No. 13), and Petitioner replied (ECF No. 14). Also pending before the Court is Petitioner's motion to appoint pro bono counsel. (ECF No. 15.) For the reasons expressed below, Petitioner's habeas petition is dismissed for failure to exhaust and his motion for pro bono counsel is denied as moot.

**I. BACKGROUND**

  Petitioner is a convicted federal prisoner currently imprisoned in FCI Fairton, in Fairton New Jersey. (ECF No. 1.) In his current petition, Plaintiff seeks to challenge the Bureau of Prison's ("BOP") calculation of his sentence. (*See id.*) Specifically, Petitioner argues that the BOP failed to account for a period of presentence time, June 6, 2018 through December 14, 2019, where Petitioner was in joint state and federal custody. (*See id.*)

On March 28, 2018, a Florida state court sentenced Petitioner to a term of three years imprisonment after he pled guilty to one count of Lewd or Lascivious Molestation of a minor between ages 12 and 16 in violation of Fla. Stat. 800.04(5)(c)(2). (ECF No. 13-1, Att. 6.) On September 28, 2017, while Petitioner was in Florida state custody, a federal grand jury indicted him for violations of 18 U.S.C. § 2250(a) for failure to register as a sex offender in Florida. (ECF No. 13-3.)

On May 16, 2018, while Petitioner was serving his Florida state sentence, the United States District Court for the Middle District of Florida issued a Writ of Habeas *ad prosequendum* instructing the United States Marshal to take physical custody over Petitioner to face his federal charges. (ECF No. 13-1, Att. 8.) Federal authorities took Petitioner into federal custody on June 6, 2018. (*Id.*, Att. 9.) Petitioner remained in federal custody on the Writ of Habeas *ad prosequendum* until his Florida state sentence expired on December 15, 2019. (*Id.*, Att. 10.) At that point, Petitioner entered exclusive federal custody. (*Id.* ¶ 6.)

On February 24, 2022, Petitioner pled guilty to the charges under 18 U.S.C. § 2250(a), and on March 7, 2022, the sentencing court adjudicated him guilty. (ECF No. 13-4.) On April 5, 2022, Petitioner was sentenced to a 70-month term of imprisonment. (ECF No. 13-5.) The BOP prepared a sentence computation and calculated prior custody credit from August 8, 2016 through October 3, 2016, and December 16, 2019 (the day after Petitioner's Florida state sentence expired) through April 4, 2022 (the day before his federal sentence was imposed) and applied it to his federal term of incarceration because those time periods were not applied to any other state or federal sentence. (ECF No. 13-1 ¶ 8.)

In his current habeas petition, Petitioner concedes that he has not exhausted his administrative remedies. (ECF No. 1 at 8.) Petitioner submitted an inmate request form on June

2

10, 2022, which was denied on July 7, 2022. (*Id.* at 2, 45.) On July 7, 2022, Petitioner submitted an administrative remedy procedure for inmates informal resolution form, which was resolved the same day. (*Id.* at 3, 46.) Petitioner then submitted a request for administrative remedy on the same day to the Warden. (*Id.* at 3, 47.) Petitioner claims that the Warden failed to respond to his administrative remedy form within the allowed twenty-day time period. (*Id.* at 3.) However, Petitioner did not submit an administrative appeal to the Northeast Regional Office ("NERO") or a final appeal to the BOP's Central Office. Rather, Petitioner filed the instant Petition on July 29, 2022. On September 15, 2022 the Warden issued a response denying Petitioner's administrative remedy form. (*See* ECF No. 10 at Ex. A-1.)

## II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on

whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), aff'd, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

In his habeas petition, Petitioner argues that he should be credited for presentence time when he was in secondary federal custody on a writ of habeas corpus *ad prosequendum*, while serving his Florida state sentence. (ECF No. 1.)

Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62. Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

4

BOP has established a four-step process for federal inmates to exhaust administrative remedies. *See* 28 C.F.R. § 542.10 et seq. To comply with this process, an inmate generally must first attempt to informally resolve his dispute with prison staff. *See* 28 C.F.R. § 542.13. If these efforts fail, the inmate must then submit an administrative remedy request to the warden of his institution within twenty days of the event or decision underlying the request. *See* 28 C.F.R. § 542.14(a), (c). If the administrative remedy request is denied, the inmate must then file an appeal with the appropriate Regional Director within twenty days of the date of the warden's response. *See* 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate must then appeal that decision to BOP's Central Office, General Counsel, within thirty days from the date of the Regional Director's response. *See id.*

Because the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, they have the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). A request to resolve any alleged factual error affecting credit calculation is thus not futile, and is generally necessary to develop the factual record required for judicial review via a habeas petition. *Id.* Because Petitioner's claim presents a factual issue that he wishes to have resolved – his assertion that he believes he is entitled to additional credits – the pursuit of administrative remedies would not be futile – Petitioner can and should complete the administrative grievance process, and the BOP has the authority to award him additional credits if they ultimately agree with Petitioner's position. Therefore, futility will not excuse Petitioner's failure to exhaust in this case.

Here, Petitioner submitted an informal remedy and appealed to the Warden. (ECF No. 1 at 2-4.) Petitioner concedes that he did not appeal to the Regional Director or the BOP's central

5

office. Petitioner attempts to excuse his failure to exhaust by arguing that the Warden's failure to respond to his administrative remedy form in the allotted twenty-day period rendered the appeal process unavailable to him. (*Id.* at 3.) However, the BOP regulations instruct an inmate on what do if an administrative remedy form goes unanswered. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 18 C.F.R. § 542.18. The inmate is then required to proceed through the appeal process until he exhausts his administrative remedies. *See Millhouse v. Lewisburg*, 666 F. App'x 98, 100 (3d Cir. 2016) ("failure to respond did not foreclose Millhouse from seeking review in the Central Office.") Even without a response from the Warden, Petitioner could have filed an appeal to the Regional Director and failed to do so. The Court does not find that exhaustion would have been futile or any other reason to excuse exhaustion. Consequently, the Court will dismiss the Petition without prejudice in light of Petitioner's failure to exhaust his administrative remedies prior to filing suit.

### IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Petitioner's motion to appoint pro bono counsel (ECF No. 15) is **DENIED** as moot. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge